◼ In the Matter of the Claim of PENNY TRAVIS, Respondent. GANNETT SATELLITE INFORMATION NETWORK, INC., Appellant; COMMISSIONER OF LABOR, Respondent. [5 NYS3d 623]—

Lynch, J. Appeal from a decision of the Unemployment Insurance Appeal Board, filed June 10, 2013, which ruled that Gannett Satellite Information Network, Inc. is liable for unemployment insurance contributions on remuneration paid to claimant and others similarly situated.

Claimant contracted with Gannett Satellite Information Network, Inc. to deliver newspapers and other publications. After an Administrative Law Judge (hereinfter ALJ) found claimant to be an independent contractor ineligible for unemployment insurance benefits, the Unemployment Insurance Appeal Board reversed the ALJ's decision, found that claimant and others similarly situated were employees and held Gannett liable for unemployment insurance contributions. Gannett appeals.

In *Matter of Armison (Gannett Co., Inc.—Commissioner of Labor)* (122 AD3d 1101, 1103 [2014], *lv dismissed* 24 NY3d 1209 [2015]), this Court recently affirmed decisions of the Board finding that claimants performing delivery services for Gannett and Gannett Company, Inc. under contracts, which in all relevant respects are identical to claimant's contract herein, were employees entitled to unemployment insurance benefits. Given that the indicia of control here retained by Gannett mirrors that in *Armison*, we find that the Board's decision that claimant was an employee and that Gannett was liable for additional unemployment contributions was supported by substantial evidence (*see Matter of Hunter [Gannett Co., Inc.—Commissioner of Labor]*, 125 AD3d 1166, 1167-1168 [2015]; *Matter of Isaacs [Speedy Media Assoc., LLC—Commissioner of Labor]*, 125 AD3d 1077, 1079 [2015]; *see also Matter of Gager [Gannett Satellite Info. Network, Inc.—Commissioner of Labor]*, 127 AD3d 1348 [2015] [decided herewith]). Also, as in *Armison*, we find that the decision is consistent with Department of Labor guidelines.

Lahtinen, J.P., Garry and Devine, JJ., concur. Ordered that the decision is affirmed, without costs.