*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered: April 9, 2015                    518614
_____

In the Matter of the Claim of
    PENNY TRAVIS,
                        Respondent.

GANNETT SATELLITE INFORMATION
    NETWORK, INC.,                        MEMORANDUM AND ORDER
                        Appellant;

COMMISSIONER OF LABOR,
                        Respondent.
_____

Calendar Date: February 10, 2015

Before: Lahtinen, J.P., Garry, Lynch and Devine, JJ.

_____

        Bond, Schoeneck & King, PLLC, Syracuse (L. Michael Zinser of Zinser Law Firm, Nashville, Tennessee, admitted pro hac vice), for appellant.

        James W. Cooper, Warrensburg, for Penny Travis, respondent.

        Eric T. Schneiderman, Attorney General, New York City (Mary Hughes of counsel), for Commissioner of Labor, respondent.

        Satterlee Stephens Burke & Burke LLP, New York City (Mark A. Fowler of counsel), for New York News Publishers Association, amicus curiae.

_____

Lynch, J.

Appeal from a decision of the Unemployment Insurance Appeal Board, filed June 10, 2013, which ruled that Gannett Satellite Information Network, Inc. is liable for unemployment insurance contributions on remuneration paid to claimant and others similarly situated.

Claimant contracted with Gannett Satellite Information Network, Inc. to deliver newspapers and other publications. After an Administrative Law Judge (hereinfter ALJ) found claimant to be an independent contractor ineligible for unemployment insurance benefits, the Unemployment Insurance Appeal Board reversed the ALJ's decision, found that claimant and others similarly situated were employees and held Gannett liable for unemployment insurance contributions. Gannett appeals.

In Matter of Armison (Gannett Co., Inc.-Commissioner of Labor) (122 AD3d 1101, 1103 [2014], lv dismissed 24 NY3d 1209 [2015]), this Court recently affirmed decisions of the Board finding that claimants performing delivery services for Gannett and Gannett Company, Inc. under contracts, which in all relevant respects are identical to claimant's contract herein, were employees entitled to unemployment insurance benefits. Given that the indicia of control here retained by Gannett mirrors that in Armison, we find that the Board's decision that claimant was an employee and that Gannett was liable for additional unemployment contributions was supported by substantial evidence (see Matter of Hunter [Gannett Co., Inc.-Commissioner of Labor], 125 AD3d 1166, 1167-1168 [2015]; Matter of Isaacs [Speedy Media Assoc., LLC-Commissioner of Labor], 125 AD3d 1077, 1079 [2015]; see also Matter of Gager [Gannette Satellite Information Network, Inc.-Commissioner of Labor], ___ AD3d ___ [decided herewith]). Also, as in Armison, we find that the decision is consistent with Department of Labor guidelines.

Lahtinen, J.P., Garry and Devine, JJ., concur.

ORDERED that the decision is affirmed, without costs.

ENTER:

Robert D. Mayberger
Clerk of the Court