*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  May 7, 2015          518799
                                            518803

_____

In the Matter of the Claim of
    LAURA D. RACE,
                Respondent.

GANNETT SATELLITE INFORMATION
    NETWORK, INC., Doing
    Business as PRESS &
    SUN-BULLETIN,
                Appellant.

COMMISSIONER OF LABOR,
                Respondent.

(Claim No. 1.)
_____       MEMORANDUM AND ORDER

In the Matter of the Claim of
    MICHAEL HARASTA,
                Respondent.

GANNETT SATELLITE INFORMATION
    NETWORK, INC., Doing
    Business as PRESS &
    SUN-BULLETIN,
                Appellant.

COMMISSIONER OF LABOR,
                Respondent.

(Claim No. 2.)
_____

Calendar Date:  March 25, 2015

Before:  Lahtinen, J.P., McCarthy, Garry and Lynch, JJ.

_____

Bond, Schoeneck & King, PLLC, Syracuse (Peter A. Jones and Daniel J. Pautz of counsel) and The Zinser Law Firm, P.C., Nashville, Tennessee (L. Michael Zinser admitted pro hac vice), for appellant.

James W. Cooper, Warrensburg, for Laura D. Race and another, respondents.

Eric T. Schneiderman, Attorney General, New York City (Steven Koton of counsel), for Commissioner of Labor, respondent.

Satterlee Stephens Burke & Burke LLP, New York City (Mark A. Fowler of counsel), for New York News Publishers Association, amicus curiae.

_____

McCarthy, J.

Appeals from four decisions of the Unemployment Insurance Appeal Board, filed July 5, 2013 and July 9, 2013, which ruled, among other things, that Gannett Satellite Information Network, Inc. is liable for additional unemployment insurance contributions based on remuneration paid to claimants and others similarly situated.

Claimants contracted with Gannett Satellite Information Network, Inc. to deliver newspapers and other publications. After claimants applied for unemployment insurance benefits, the Unemployment Insurance Appeal Board ultimately determined that claimants were employees of Gannett and that Gannett was liable for contributions based on remuneration paid to claimants and others similarly situated. Gannett appeals.

For the purposes of determining whether an employment relationship existed, the contracts that Gannett entered into with claimants are identical in all relevant respects to those examined in Matter of Armison (Gannett Co., Inc.—Commissioner of

Labor) (122 AD3d 1101 [2014], <u>lv dismissed</u> 24 NY3d 1209 [2015]), <u>Matter of Gager (Commissioner of Labor)</u> (___AD3d ___, 4 NYS3d 784 [2015]) and <u>Matter of Travis (Commissioner of Labor)</u> (___ AD3d ___, 2015 NY Slip Op 03001 [2015]).  For the reasons discussed in those decisions, substantial evidence supports the Board's determinations that claimants were employees (<u>see</u> <u>Matter of Travis [Commissioner of Labor]</u>, 2015 NY Slip Op 03001 at *1; <u>Matter of Gager [Commissioner of Labor]</u>, 4 NYS3d at 785; <u>Matter of Hunter [Gannett Co., Inc.—Commissioner of Labor]</u>, 125 AD3d 1166, 1167-1168 [2015]; <u>Matter of Armison [Gannett Co., Inc.—Commissioner of Labor]</u>, 122 AD3d at 1102-1103).  Gannett's remaining contentions are without merit.

Lahtinen, J.P., Garry and Lynch, JJ., concur.

ORDERED that the decisions are affirmed, without costs.

ENTER:

Robert D. Mayberger
Clerk of the Court