*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  September 17, 2015                    520342
_____

In the Matter of the Claim of
   TAYLOR G. SOULE,
                  Respondent.

GANNETT SATELLITE INFORMATION
   NETWORK, INC., Doing                    MEMORANDUM AND ORDER
   Business as THE ITHACA
   JOURNAL,
                  Appellant.

COMMISSIONER OF LABOR,
                  Respondent.
_____

Calendar Date:  August 10, 2015

Before:  Peters, P.J., Lahtinen, Garry and Lynch, JJ.

_____

     Bond, Schoeneck & King, PLLC, Syracuse (Peter A. Jones of counsel) and The Zinser Law Firm, P.C., Nashville, Tennesee (L. Michael Zinser admitted pro hac vice), for appellant.

     Cynthia Feathers, Glens Falls, for Taylor G. Soule, respondent.

     Satterlee Stephens Burke & Burke LLP, New York City (Mark A. Fowler of counsel), for New York News Publishers Association, amicus curiae.

_____

     Appeals from two decisions of the Unemployment Insurance Appeal Board, filed March 21, 2014, which ruled, among other things, that Gannett Satellite Information Network, Inc. is liable for additional unemployment insurance contributions based on remuneration paid to claimant and others similarly situated.

Claimant contracted with Gannett Satellite Information Network, Inc. to deliver newspapers and other publications. Following claimant's application for unemployment insurance benefits, the Unemployment Insurance Appeal Board determined that claimant was an employee of Gannett and that Gannett was liable for contributions based on remuneration paid to claimant and others similarly situated. Gannett now appeals.

We affirm. Upon our review of the record, we find that the indicia of control retained by Gannett through the agreement with claimant is nearly identical to the relevant factors identified to establish an employment relationship in Matter of Armison (Gannett Co., Inc.-Commissioner of Labor) (122 AD3d 1101, 1102 [2014], lv dismissed 24 NY3d 1209 [2015]) and Matter of Hunter (Gannett Co., Inc.—Commissioner of Labor) (125 AD3d 1166, 1167 [2015]). As such, we find that substantial evidence supports the Board's determination that claimant was an employee of Gannett (see Matter of Stevens [Gannett Co. Inc.—Commissioner of Labor], 130 AD3d 1401, 1042 [2015]; Matter of Race [Gannett Satellite Info. Network, Inc.—Commissioner of Labor], 128 AD3d 1130, 1130 [2015]; Matter of Travis [Gannett Satellite Info. Network, Inc.—Commissioner of Labor], 127 AD3d 1349, 1349 [2015]). Gannett's remaining contentions are without merit.

Peters, P.J., Lahtinen, Garry and Lynch, JJ., concur.

ORDERED that the decisions are affirmed, without costs.

ENTER:

Robert D. Mayberger
Clerk of the Court