Matter of Smith (Gannett Satellite Info. Network, Inc.--Commissioner of Labor) (2018 NY Slip Op 07806)





Matter of Smith (Gannett Satellite Info. Network, Inc.--Commissioner of Labor)


2018 NY Slip Op 07806


Decided on November 15, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: November 15, 2018

525530

[*1]In the Matter of the Claim of RODNEY L. SMITH, Respondent. GANNETT SATELLITE INFORMATION NETWORK, INC., Doing Business as PRESS & SUN BULLETIN, Appellant. COMMISSIONER OF LABOR, Respondent.

Calendar Date: October 18, 2018

Before: Egan Jr., J.P., Clark, Mulvey, Aarons and Pritzker, JJ.


Bond, Schoeneck & King, PLLC, Syracuse (Daniel J. Pautz of counsel) and The Zinser Law Firm, Nashville, Tennessee (L. Michael Zinser admitted pro hac vice), for appellant.
Barbara D. Underwood, Attorney General, New York City (Steven Koton of counsel), for respondent.



MEMORANDUM AND ORDER
Mulvey, J.
Appeals from two decisions of the Unemployment Insurance Appeal Board, filed May 4, 2017, which ruled, among other things, that Gannett Satellite Information Network, Inc. was liable for unemployment insurance contributions on remuneration paid to claimant and others similarly situated.
Claimant contracted with Gannett Satellite Information Network, Inc. to deliver newspapers pursuant to written distribution agreements. Following claimant's application for unemployment insurance benefits, the Unemployment Insurance Appeal Board ruled that claimant was an employee of Gannett Satellite and assessed the business for additional unemployment insurance contributions on remuneration paid to claimant and others similarly situated. These appeals ensued.
We affirm. Upon our review of the record, we find that the indicia of control retained by Gannett Satellite in the contracts with claimant are nearly identical to the relevant factors identified to establish an employment relationship in Matter of Armison (Gannett Co., Inc.-Commissioner of Labor) (122 AD3d 1101, 1102 [2014], lv dismissed 24 NY3d 1209 [2015]) and Matter of Hunter (Gannett Co., Inc.-Commissioner of Labor) (125 AD3d 1166, 1167 [2015]). As such, we find that substantial evidence supports the Board's decisions, and they will not be disturbed (see Matter of Race [Gannett Satellite Info. Network, Inc.-Commissioner of Labor], 128 AD3d 1130, 1130 [2015]; Matter of Travis [Gannett Satellite Info. Network, Inc.-[*2]Commissioner of Labor], 127 AD3d 1349, 1349 [2015]; Matter of Gager [Gannett Satellite Info. Network, Inc.-Commissioner of Labor], 127 AD3d 1348, 1348—1349 [2015]). We have reviewed the remaining contentions raised by Gannett Satellite and find them to be unpersuasive.
Egan Jr., J.P., Clark, Aarons and Pritzker, JJ., concur.
ORDERED that the decisions are affirmed, without costs.