Matter of Nicholas (Commissioner of Labor) (2018 NY Slip Op 08589)





Matter of Nicholas (Commissioner of Labor)


2018 NY Slip Op 08589


Decided on December 13, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: December 13, 2018

525531

[*1]In the Matter of the Claim of DELORES NICHOLAS, Respondent. GANNETT SATELLITE INFORMATION NETWORK, INC., Doing Business as POUGHKEEPSIE JOURNAL, Appellant. COMMISSIONER OF LABOR, Respondent.

Calendar Date: November 15, 2018

Before: Garry, P.J., Egan Jr., Lynch, Aarons and Pritzker, JJ.


Bond Schoeneck & King, PLLC, Syracuse (Peter A. Jones of counsel) and The Zinser Law Firm, PC, Nashville, Tennessee (L. Michael Zinser admitted pro hac vice), for appellant.
Salvatore C. Adamo, Albany, for Delores Nicholas, respondent.



MEMORANDUM AND ORDER
Aarons, J.
Appeals from two decisions of the Unemployment Insurance Appeal Board, filed May 3, 2017, which, upon resettlement, ruled, among other things, that Gannett Satellite Information Network, Inc. is liable for unemployment insurance contributions on remuneration paid to claimant and others similarly situated.
Claimant contracted with Gannett Satellite Information Network, Inc. to deliver newspapers to residential customers. Following termination of the contract, claimant applied for unemployment insurance benefits. The Department of Labor determined that claimant was an employee of Gannett Satellite entitled to such benefits and that Gannett Satellite was liable for additional contributions based upon remuneration paid to claimant and others similarly situated. Following a hearing, an Administrative Law Judge sustained the Department's determination, and the Unemployment Insurance Appeal Board affirmed. Gannett Satellite now appeals.
We affirm. Upon reviewing the record in this case, we find that the indicators of control contained in Gannett Satellite's contract with claimant are practically the same as the relevant factors previously identified to establish an employer-employee relationship; accordingly, we find that substantial evidence supports the Board's decisions (see Matter of Smith [Gannett Satellite Info. Network, Inc.-Commissioner of Labor], ___ AD3d ___, ___, 85 NYS3d 796, 797 [2018]; Matter of Race [Gannett Satellite Info. Network, Inc.-Commissioner of Labor], 128 AD3d 1130, 1130 [2015]; Matter of Gager [Gannett Satellite Info. Network, Inc.-Commissioner of Labor, 127 AD3d 1348, 1348-1349 [2015]; Matter of Hunter [Gannett Co., Inc.-Commissioner of Labor], 125 AD3d 1166, 1167-1168 [2015]; Matter of Armison [Gannett [*2]Co., Inc.-Commissioner of Labor], 122 AD3d 1101, 1102-1103 [2014], lv dismissed 24 NY3d 1209 [2015]). We have reviewed Gannett Satellite's remaining contentions and find them to be unavailing.
Garry, P.J., Egan Jr., Lynch and Pritzker, JJ., concur.
ORDERED that the decisions are affirmed, without costs.