█ In the Matter of the Claims of ANNE PALMER et al., Appellants, v. AMERICAN FREIGHTWAYS COMPANY, INC., et al., Respondents. WORKMEN'S COMPENSATION BOARD, Respondent.—COOKE, J. Appeal from a decision of the Workmen's Compensation Board, filed April 5, 1967, which disallowed claims for compensation under the Workmen's Compensation Law on the ground that Donald C. Palmer at the time of his death was an independent contractor with and not an employee of respondent American Freightways Company, Inc. Palmer died as a result of injuries sustained when the truck tractor he was operating left the highway and overturned, said tractor having been one of three owned by him with Donald L. Williams, as partners, and under written lease to American Freightways. The record also contains proof that the tractors were serviced, maintained and covered with collision insurance by the lessors; that they were driven by the individual partners and others hired by them, said employees having been paid by the partnership after deductions for income taxes, social security and unemployment insurance; that the lessors received from the lessee various lump sums computed on a per trip and per load per weight basis according to a schedule, with no separate allotment for equipment or driving services, and from which no money was withheld; that American Freightways filed no W-2 forms with respect to decedent or the partnership employees; that the partnership had a business address and maintained books kept by one of the claimants, payroll, tax and

social security computations having been made by an accountant; and decedent, for the calendar year prior to death, filed a schedule computing his social security self-employment tax. Although certain testimony points in the other direction, since the board's determination of the factual issue as to decedent's status at the time of the truck accident resulting in death is supported by substantial evidence, it must be affirmed (Workmen's Compensation Law, § 20; *Matter of Slater* v. *Town of Southport,* 29 A D 2d 592; *Matter of Smith* v. *Refrigerated Food Express,* 27 A D 2d 601; *Matter of Williams* v. *Solomon,* 13 A D 2d 159; *Matter of Denman* v. *Many & Sanetti,* 8 A D 2d 576, affd. 8 N Y 2d 799). Decision affirmed, without costs. Gibson, P. J., Herlihy, Reynolds, Staley, Jr., and Cooke, JJ., concur in memorandum by Cooke, J.