■ In the Matter of the Claim of MARY A. BOONE, Respondent. SHORE ROAD COMMUNITY SERVICE, INC., Appellant; JOHN

E. Sweeney, as Commissioner of Labor, Respondent. [664 NYS2d 679] —Spain, J. Appeal from a decision of the Unemployment Insurance Appeal Board, filed June 14, 1996, which, upon reconsideration, rescinded its original decision and assessed Shore Road Community Service, Inc. for additional unemployment insurance contributions based upon remuneration paid to claimant and others similarly situated.

Shore Road Community Service, Inc. is a corporation engaged in the business of referring nurses and nurses' aides to hospitals and individual clients. Claimant is a nurses' aide who obtained various assignments through Shore Road. When these assignments ended, claimant applied for unemployment insurance benefits. Claimant's case was combined with another case in which the Commissioner of Labor assessed Shore Road for additional unemployment insurance contributions based upon remuneration paid to claimant and others similarly situated. Following a hearing, an Administrative Law Judge determined that Shore Road was not liable for additional unemployment insurance contributions because claimant was an independent contractor, not an employee. On April 2, 1996, the Unemployment Insurance Appeal Board affirmed this decision. On April 23, 1996, the Commissioner, citing caselaw precedents, applied to the Board pursuant to Labor Law § 534 to reopen and reconsider the Board's decision so as to conform to court decisions which have held "consistently that temporary referral agencies [despite the absence of direct control] are the employer of individuals they refer for temporary assignments". In May 1996 Shore Road was notified of the Board's decision to grant the Commissioner's application and to "[r]econsider the issues". Thereafter, the Board rescinded its prior decision, now holding that claimant and the others were employees. This appeal by Shore Road ensued.

Whether an employer-employee relationship exists generally turns upon the employer's control over the results of the work and the means used to achieve those results (*see, Matter of Salamanca Nursing Home [Roberts]*, 68 NY2d 901, 902-903). A special rule, however, has developed with respect to medical professionals who "are not subject to control to the same extent or in the same manner as others" (*id.*, at 903; *see, Matter of Concourse Ophthalmology Assocs. [Roberts]*, 60 NY2d 734, 736). In such cases, "over-all control is sufficient to establish the employee relationship" (*Matter of Salamanca Nursing Home [Roberts], supra*, at 903; *see, Matter of Concourse Ophthalmology Assocs. [Roberts], supra*).

Here, there is ample evidence of Shore Road's over-all control

over the work of claimant and others similarly situated to support the Board's finding of an employer-employee relationship. Shore Road's director of nursing testified that nurses and nurses' aides who seek placement through the agency are required to complete an application indicating the type of work they wish to perform and the hours and days they are available. They are also required to provide evidence of specific certifications and to carry their own insurance. Shore Road does not provide them with uniforms, medical supplies or equipment. It also does not provide them with any type of insurance or fringe benefits.

Shore Road refers its nurses and nurses' aides either to hospitals or to individual clients. In the case of hospitals, the nurses and nurses' aides take direction from the charge nurse on the floor where they are assigned. If a hospital is not satisfied with an aide which Shore Road has referred, the hospital is required to complain directly to Shore Road. They are paid directly by Shore Road upon its receipt of a voucher from the hospital, and Shore Road, in turn, seeks reimbursement from the hospital inclusive of a commission. In the case of individual clients, the nurses and nurses' aides take direction from the family or family physician. They are sometimes paid directly by the family and sometimes by Shore Road. Regardless of who pays them, they must retrieve their checks from Shore Road's office. Furthermore, there is no individual negotiation of wage rates by the nurses or nurses' aides with hospitals or individual clients as it appears that these rates are set by Shore Road. The nurses and nurses' aides referred by Shore Road are free to reject any assignment and to work for other health care providers and referral agencies. They must, however, notify Shore Road in advance if they are unable to keep an assignment and any complaints regarding their services are directed to Shore Road.

It is clear that Shore Road exercises control over important aspects of the work such as the screening of applicants, the scheduling of assignments, the setting and payment of wages, the collection of fees and the handling of complaints (*see, Matter of Jordan Rehabilitation Serv. [Sweeney]*, 240 AD2d 958; *Matter of Nurse Care Registry [Hartnett]*, 154 AD2d 804, *lv denied* 76 NY2d 701). Therefore, we conclude that substantial evidence supports the Board's finding of an employer-employee relationship notwithstanding evidence in the record which would support a contrary determination (*see, Matter of Salamanca Nursing Home [Roberts]*, *supra*, at 903).

Finally, we reject Shore Road's contention that the Board

abused its discretion in granting the Commissioner's application to reopen and reconsider its prior decision. Labor Law § 534 provides that the Board may rescind its decisions on its own motion or on application duly made (*see*, 12 NYCRR 463.6). However, the power of the Board to open or rescind a prior decision is limited by the bounds of discretion (*see*, *Matter of Piro [Ross]*, 76 AD2d 940, 941). The standard in determining the propriety of the Board's determination to reopen a decision is whether the Board abused its discretion (*see*, *Matter of Schwartz [Creative Tutoring—Roberts]*, 91 AD2d 778). Notably, "[a]n administrative body, like a court, may correct its erroneous interpretations of the law" (*Matter of Leap v Levitt*, 57 AD2d 1021, 1022, *lv denied* 42 NY2d 807). Upon our review of the record and the caselaw precedents which support the Board's rescission of its April 2, 1996 decision, we conclude that the Board did not abuse its discretion in reopening and rescinding its earlier decision.

Mikoll, J. P., Crew III, Casey and Yesawich Jr., JJ., concur. Ordered that the decision is affirmed, without costs.