■ In the Matter of the Claim of ROSELYN SWINTON, Respondent. NEW YORK THERAPY ASSOCIATES, Appellant; COMMISSIONER OF LABOR, Respondent. [684 NYS2d 11] —Appeal from a decision of the Unemployment Insurance Appeal Board, filed August 26, 1997, which, upon reconsideration, adhered to its prior decision ruling that New York Therapy Associates was liable for unemployment insurance contributions on remuneration paid to claimant and those similarly situated.

Claimant is a licensed occupational therapist who performed services for New York Therapy Associates (hereinafter NYTA), a placement service. NYTA challenges a decision of the Unemployment Insurance Appeal Board finding that claimant and others similarly situated are its employees rather than independent contractors and assessed NYTA additional unemployment insurance contributions. We affirm. Significantly, although claimant did not testify, no NYTA representative appeared at the hearing despite the fact that NYTA requested the hearing to contest the initial determination assessing it additional contributions. Instead, one of NYTA's attorneys testified as to facts he had been given based on conversations with

NYTA's principals. In our view, the Board was entitled to credit the proof in the record demonstrating that NYTA exercises overall control with respect to important aspects of the professional services rendered by the therapist (*see, Matter of Boone [Shore Rd. Community Serv.—Sweeney]*, 245 AD2d 617).

For instance, evidence was adduced that claimant did not negotiate her pay with NYTA and was required to attend and receive compensation in the event that NYTA scheduled any meetings. Moreover, the contract between claimant and NYTA, although labeled an independent contractor agreement, provided that claimant was restricted from performing any services for NYTA clients for two years after she separated from the agency, and NYTA also retained the right to inspect or make any copies of patient treatment records provided by claimant. Under these circumstances, we find substantial evidence supports the Board's finding of an employer-employee relationship even if there is arguably evidence in the record sufficient to support a contrary conclusion (*see, Matter of Yank [National Evaluation Sys.—Sweeney]*, 247 AD2d 806, *lv denied* 92 NY2d 804).

Cardona, P. J., Mercure, Yesawich Jr., Peters and Carpinello, JJ., concur. Ordered that the decision is affirmed, without costs.