■ In the Matter of the Claim of MARINA MATTEI, Respondent. HORIZON HEALTHCARE STAFFING CORPORATION, Appellant; COMMISSIONER OF LABOR, Respondent. (And Another Related Claim.) [696 NYS2d 576] —Appeals from two decisions of the Unemployment Insurance Appeal Board, filed May 28, 1998, which ruled, *inter alia*, that Horizon Healthcare Staffing Corporation was liable for additional unemployment insurance contributions based on remuneration paid to claimant and those similarly situated.

Claimant is a certified occupational therapy assistant (hereinafter COTA) who performed services for Horizon Healthcare Staffing Corporation, a business which places licensed occupational therapy assistants with hospitals and nursing homes. Horizon challenges two decisions by the Unemployment Insurance Appeal Board finding that claimant and others similarly situated are its employees rather than independent contractors and assessed additional unemployment insurance contributions. We affirm. In our view, the Board was entitled to credit the proof in the record demonstrating that Horizon exercises overall control with respect to important aspects of the professional services rendered (*see, Matter of Boone [Shore Rd. Community Serv.—Sweeney]*, 245 AD2d 617).

Here, the record establishes that claimant was solicited by telephone by Horizon from a list of licensed professionals obtained from the State and was required to submit proof of her professional qualifications before being assigned to clients (*see, id.*). Claimant had to sign an independent contractor agreement prepared by Horizon and was paid an hourly rate which she received at fixed intervals. Furthermore, a Horizon employee testified that there were occasions when Horizon received complaints from nursing home clients regarding certain COTAs which resulted in decisions not to assign that particular COTA to that client (*cf., Matter of Mulholland [Motherly Love Care—Commissioner of Labor]*, 258 AD2d 855, 856; *Matter of HTA of N. Y. [Commissioner of Labor]*, 255 AD2d 733). Notably, although claimant was not restricted in seeking other work in her contract, a provision in a separate agreement between Horizon and its clients put restrictions on the clients' ability to directly hire COTAs associated with Horizon by prohibiting the clients from directly hiring a COTA for two years subject to the payment of a $15,000 contractual liability to Horizon. Under these circumstances, we conclude that there is substantial evidence to support the Board's finding of an employer-employee relationship even if there is evidence in the record sufficient to support a contrary conclusion (*see, Matter of Swinton [New York Therapy Assocs.—Commissioner of Labor]*, 257 AD2d 822).

Horizon's remaining arguments have been examined and found to be unpersuasive.

Mikoll, J. P., Crew III, Spain, Carpinello and Mugglin, JJ., concur. Ordered that the decisions are affirmed, without costs.