■ In the Matter of RAY CATENA CORPORATION, Doing Business as RAY CATENA LEXUS, Appellant. COMMISSIONER OF LABOR, Respondent. [711 NYS2d 223] —Mugglin, J. Appeal from a decision of the Unemployment Insurance Appeal Board, filed May 3, 1999, which assessed Ray Catena Corporation for additional unemployment insurance contributions.

Ray Catena Corporation, a car dealership, challenges a decision of the Unemployment Insurance Appeal Board finding it

liable for unemployment insurance contributions based upon remuneration paid to security guards, who provided services for the dealership during nonbusiness hours, as well as an individual who drove cars to and from the dealership's various locations. We affirm.

With respect to the security guards, the record reveals that local off-duty police officers provided such services for the dealership. Inasmuch as they are professionals, the absence of direct supervision or control is not dispositive (see, Matter of Bedin [Trussardi (USA)—Commissioner of Labor], 257 AD2d 809, 809-810; Matter of Seneca Nation of Indians [Sweeney], 247 AD2d 732). The record establishes that the schedule for the services was set according to Catena's hours of operation and that the premises were to be patrolled during nonbusiness hours. The manager requested that three specific areas be patrolled on an hourly basis and provided a key to the dealership for the security guards to use. The security guards were paid a set hourly rate, by corporate check drawn to their individual order, after a weekly time sheet was submitted. Occasionally, the manager of Catena would arrange for someone to check on the security guards to ensure that they were doing their job. Thus, control over important aspects of the services sufficiently establishes the employer-employee relationship (see, Matter of Boone [Shore Rd. Community Serv.—Sweeney], 245 AD2d 617). Notwithstanding the fact that there is evidence in the record to support a contrary conclusion, substantial evidence supports the Board's determination of an employer-employee relationship and the decision will not be disturbed (see, Matter of Swinton [New York Therapy Assocs.—Commissioner of Labor], 257 AD2d 822, 823).

Similarly, substantial evidence supports the Board's decision that the individual used to swap cars between dealerships was an employee. The record indicates that she was given assignments as to specific vehicles to be exchanged, as well as a time frame within which to do so, was reimbursed for gas and tolls, and was held harmless for any damage to the vehicles. Moreover, Catena now considers others who perform the same work to be employees. Under these circumstances, we find no reason to disturb the Board's decision (see, e.g., Matter of American Lenders Servs. Co. [Sweeney], 242 AD2d 792).

Spain, J. P., Graffeo, Rose and Lahtinen, JJ., concur. Ordered that the decision is affirmed, without costs.