In the Matter of Alpha Neurology P.C., Appellant. Commissioner of Labor, Respondent. [750 NYS2d 139] —Cardona, P.J. Appeal from a decision of the Unemployment Insurance Appeal Board, filed January 5, 2001, which assessed Alpha Neurology P.C. for additional unemployment insurance contributions.

Alpha Neurology P.C. (hereinafter Alpha), a medical practice specializing in neurology, challenges a ruling by the Unemployment Insurance Appeal Board that four medical technicians with whom Alpha had contracted to perform diagnostic tests were employees resulting in Alpha's liability for additional unemployment insurance contributions. According to Alpha, the technicians should have been classified as independent contractors.

Initially, we note that "our review is limited to ascertaining whether the Board's decision is supported by substantial evidence, and if so its decision must be affirmed even though there might be evidence to support a contrary conclusion" (*Matter of Francis [West Sanitation Servs.—Sweeney]*, 246 AD2d 751, 752, *lvs dismissed* 92 NY2d 886, 93 NY2d 833; *see Matter of Economy Off. Maintenance [Commissioner of Labor]*, 292 AD2d 651). Significantly, the Board was entitled to credit evidence in the record demonstrating that an organization such as Alpha "exercises overall control with respect to important aspects of the professional services rendered" (*Matter of Mattei [Horizon Healthcare Staffing Corp.—Commissioner of Labor]*, 265 AD2d 723, 723; *see Matter of Slovin D.D.S., P.C. [Hartnett]*, 158 AD2d 824, 825).

Here, while there is proof that supports Alpha's position, the record also contains evidence that the technicians performed their services at Alpha's office using Alpha's equipment. Furthermore, records were maintained by Alpha, all billing and collection of fees as well as some of the appointment scheduling were handled by Alpha's staff, payment was made to Alpha and the technicians were paid regardless of whether Alpha actually collected the fees. In addition, reports were submitted to Alpha's president, a neurologist, who was responsible for interpreting the results and he had the discretion to require the technicians to redo the tests. Based on these and other factors, we conclude that there is substantial evidence to support the Board's determination of an employer-employee relationship (*see Matter of Concourse Ophthalmology Assoc. [Roberts]*, 60 NY2d 734, 736-737).

The remaining arguments raised by Alpha have been examined and found to be unpersuasive.

Mercure, Peters, Carpinello and Kane, JJ., concur. Ordered that the decision is affirmed, without costs.