■ In the Matter of the Claim of ANGEL CHOTO, Respondent, v CONSOLIDATED LUMBER TRANSPORT, INC., Appellant, et al., Respondent. WORKERS' COMPENSATION BOARD, Respondent. [918 NYS2d 268]—

Egan Jr., J.

Claimant, the owner-operator of a truck and trailer, fell off the top of a loaded flatbed trailer in April 2006, striking the concrete pavement and suffering eight broken bones in his face, a broken wrist and a fractured knee. Six months later, claimant submitted a workers' compensation claim that listed as his employer Consolidated Lumber Transportation, Inc.—for which claimant hauled lumber pursuant to a lease agreement. Following hearings to determine whether an employee-employer relationship existed, a Workers' Compensation Law Judge found that an employment relationship had been established. On appeal, the Workers' Compensation Board affirmed and Consolidated now appeals.

Whether an employee-employer relationship exists is a determination to be made by the Board and it will not be disturbed if supported by substantial evidence (*see Matter of Smallwood v Mereda Realty Corp.*, 75 AD3d 873, 874 [2010]; *Matter of Bran v Wimbish*, 73 AD3d 1378, 1379 [2010], *lv dismissed* 15 NY3d 818 [2010]). Factors relevant to that determination include the right to control the claimant's work, the method of payment, the right to discharge, the furnishing of equipment and the nature of the work, and no single factor is dispositive (*see Matter of Perez v Licea*, 74 AD3d 1672, 1673 [2010], *lv denied* 15 NY3d 711 [2010]; *Matter of Bran v Wimbish*, 73 AD3d at 1379).

Here, we find that substantial evidence does not support the Board's determination and we, therefore, reverse. Initially, central to its finding that claimant was an employee, the Board found that he could only work for other carriers if the lease

agreement with Consolidated was canceled. However, that finding is contradicted by the record. The lease agreement itself states that claimant could haul loads for another carrier with written permission from Consolidated, a policy that was confirmed by Consolidated's witness. Notably, the policy requiring written permission is compelled by federal regulations that require that Consolidated have "exclusive possession, control, and use of the equipment for the duration of the lease" and, thus, should not be found to be dispositive of an employee-employer relationship (49 CFR 376.12 [c] [1], [4]; *see generally Matter of Leazard [TestQuest, Inc.—Commissioner of Labor]*, 74 AD3d 1414, 1414-1415 [2010]; *Matter of Wannen [Andrew Garrett Inc.—Commissioner of Labor]*, 57 AD3d 1029, 1030 [2008]).*

Additionally, the Board cited as evidence of an employment relationship the fact that Consolidated's dispatcher notified claimant as to where to pick up and deliver each shipment. However, we find that this lone fact cannot represent substantial evidence in light of the overwhelming attendant circumstances. The record demonstrates that claimant owned, operated, maintained and repaired his own truck and trailer, he provided his own equipment, including the straps, tarps and chains used to secure a load, he paid for his own liability, bobtail and cargo insurance, he covered all of his own expenses, including fuel, fuel taxes and tolls, and he took breaks at his own discretion. Furthermore, claimant was issued an IRS 1099 form and indicated on his tax returns that he was self-employed, taking the commensurate deductions. In addition, the lease could be terminated by either party with 24 hours written notice.

Finally, the record does not support the Board's finding that claimant's pay was solely determined by Consolidated's dispatcher. Instead, pursuant to the lease, claimant was paid 87% of the adjusted gross revenue of the loads he carried and, to a large extent, claimant determined how many and what loads he chose to carry for Consolidated (*see Matter of Palmer v American Freightways Co.*, 31 AD2d 850, 851 [1969]).

Peters, J.P., Kavanagh, Stein and Garry, JJ., concur. Ordered that the decision is reversed, without costs, and matter remitted to the Workers' Compensation Board for further proceedings not inconsistent with this Court's decision.

---

* We note that other factors mentioned by the Board, including that Consolidated paid for certain insurance coverages and deducted the amount from claimant's check (*see* 49 USC § 14102 [a] [3]; 49 CFR 376.12 [j] [1]), that Consolidated had the right to inspect claimant's equipment at its discretion (*see* 49 USC § 14102 [a] [3]; 49 CFR 396.17) and that claimant was required to display Consolidated's logo on his truck (*see* 49 CFR 376.11 [c] [1]; 390.21) are also mandated by federal regulations.