*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  December 3, 2015          520577
_____

In the Matter of the Claim of
    ANDREA M. WRIGHT,
                    Respondent.

MID ISLAND THERAPY ASSOCIATES
    LLC, Doing Business as ALL          MEMORANDUM AND ORDER
    ABOUT KIDS,
                    Appellant.

COMMISSIONER OF LABOR,
                    Respondent.
_____

Calendar Date:  October 22, 2015

Before:  Peters, P.J., Garry, Rose and Clark, JJ.

_____

        Clifton Budd & DeMaria, LLP, New York City (Daniel C. Moreland of counsel), for appellant.

        James W. Cooper, Warrensburg, for Andrea M. Wright, respondent.

        Eric T. Schneiderman, Attorney General, New York City (Steven Koton of counsel), for Commissioner of Labor, respondent.

_____

Garry, J.

        Appeals from two decisions of the Unemployment Insurance Appeal Board, filed April 25, 2014, which ruled, among other things, that Mid Island Therapy Associates, LLC was liable for additional unemployment insurance contributions on remuneration paid to claimant.

The New York City Department of Education (hereinafter NYCDOE) administers supplemental educational services in accordance with the Individuals with Disabilities Education Improvement Act of 2004 (see generally 20 USC § 1400 et seq., as added by Pub L 101-476, 104 US Stat 1142).  As an approved provider of such services, Mid Island Therapy Associates, LLC operates pursuant to a contract with NYCDOE and refers therapists and certified special education itinerant teachers such as claimant to preschool children who are identified as having a disability for the purpose of providing those children with specially designed individualized instruction in a natural setting, including at a preschool or home (see Education Law § 4410 [1] [k]; 8 NYCRR 200.1 [mm], [yy]; 200.16 [i] [3] [ii]; see generally 8 NYCRR 200.3, 200.16 [f] [2]).

Claimant executed an independent contractor agreement with Mid Island and provided special education itinerant services to three different children in 2010.  She applied for unemployment insurance benefits following the end of this employment.  The Department of Labor determined that claimant was an employee and that Mid Island was thus liable for additional contributions on remuneration paid to her.  Following a hearing, an Administrative Law Judge overruled the Department of Labor's determination.  Claimant appealed to the Board, which then reversed the decision of the Administrative Law Judge.  Mid Island appeals.

We reverse.  "Whether an employer-employee relationship exists is a factual determination for the Board, and its decision will be upheld if supported by substantial evidence" (Matter of Hunter [Gannett Co., Inc.—Commissioner of Labor], 125 AD3d 1166, 1167 [2015] [internal quotation marks and citations omitted]; see Matter of Concourse Ophthalmology Assoc. [Roberts], 60 NY2d 734, 736 [1983]).  "[W]here the details of the work performed are difficult to control because of considerations such as professional responsibilities, courts have applied the overall control test, which requires that the employer exercise control over important aspects of the services performed" (Matter of Encore Music Lessons LLC [Commissioner of Labor], 128 AD3d 1313, 1314-1315 [2015] [internal quotation marks, ellipsis and citations omitted]; see Matter of Professional Career Ctr., Inc. [Commissioner of Labor], 105 AD3d 1219, 1219-1220 [2013]; Matter

of Viig [Hello World Language Ctr., Inc.—Commissioner of Labor], 66 AD3d 1064, 1065 [2009]). Here, however, the evidence in the record lacks indicia demonstrating the requisite level of control; rather, the evidence reflects policies and procedures consistent with NYCDOE and Department of Education regulations governing the conduct of supplemental education services (see Matter of Choto v Consolidated Lbr. Transp., Inc., 82 AD3d 1369, 1369-1370 [2011]; Matter of Leazard [TestQuest, Inc.—Commissioner of Labor], 74 AD3d 1414, 1414-1415 [2010]).

Although Mid Island would contact claimant to let her know whether a student in her geographic area needed special education services, Mid Island did not assign students to claimant; she was free to accept or reject a referral from Mid Island (see Matter of Richins [Quick Change Artistry, LLC—Commissioner of Labor], 107 AD3d 1342, 1344 [2013]; Matter of Leazard [TestQuest, Inc.—Commissioner of Labor], 74 AD3d at 1415). Mid Island also did not control the scheduling of services, which would be arranged between the student's parents and claimant (see Matter of Jean-Pierre [Queens Perioperative Med. Assoc. PLLC—Commissioner of Labor], 119 AD3d 1206, 1207 [2014]), and did not dictate the type, location or manner of delivery of the services that were to be provided, which would be specified in the student's individualized education program (see Matter of Leazard [TestQuest, Inc.—Commissioner of Labor], 74 AD3d at 1415; Matter of Mulholland [Motherly Love Care—Commissioner of Labor], 258 AD2d 855, 856 [1999]; cf. Matter of LaValley [West Firm, PLLC—Commissioner of Labor], 120 AD3d 1498, 1499 [2014]; see generally 8 NYCRR 200.4). Once services were provided, any parental complaints were handled by NYCDOE, not Mid Island, and if a teacher needed to be replaced, NYCDOE would direct Mid Island to do so. Mid Island never performed any type of performance evaluation of claimant (see Matter of Leazard [TestQuest, Inc.—Commissioner of Labor], 74 AD3d at 1415; Matter of Jean-Pierre [Queens Perioperative Med. Assoc. PLLC—Commissioner of Labor], 119 AD3d at 1207-1208). The reporting requirements governing submission of session and progress notes also came from NYCDOE, and such notes were neither required nor reviewed by Mid Island (see Matter of International Student Exch. [Commissioner of Labor], 302 AD2d 834, 836 [2003]).

Claimant was required under the parties' agreement to maintain her own malpractice insurance and cover her own expenses, and she was not provided with any supplies or benefits (see Matter of Jean-Pierre [Queens Perioperative Med. Assoc. PLLC—Commissioner of Labor], 119 AD3d at 1208; cf. Matter of LaValley [West Firm, PLLC—Commissioner of Labor], 120 AD3d at 1499).  The rate of payment was established by NYCDOE, and, if Mid Island did not receive payment from NYCDOE, it was not obliged to remit payment to claimant for services provided to a student (cf. Matter of LaValley [West Firm, PLLC—Commissioner of Labor], 120 AD3d at 1499).  Accordingly, while some of the factors cited by the Board — such as Mid Island's right to enforce a noncompete clause in the agreement — may constitute some evidence of incidental control over claimant, the record lacks sufficient evidence to establish overall control over important aspects of the services performed so as to indicate an employer-employee relationship (see Matter of Jean-Pierre [Queens Perioperative Med. Assoc. PLLC—Commissioner of Labor], 119 AD3d at 1207-1208; Matter of Leazard [TestQuest, Inc.—Commissioner of Labor], 74 AD3d at 1414-1416; Matter of International Student Exch. [Commissioner of Labor], 302 AD2d at 835-836; Matter of Mulholland [Motherly Love Care—Commissioner of Labor], 258 AD2d at 856-857).

Peters, P.J., Rose and Clark, JJ., concur.


ORDERED that the decisions are reversed, without costs, and matter remitted to the Unemployment Insurance Appeal Board for further proceedings not inconsistent with this Court's decision.



ENTER:

Robert D. Mayberger
Clerk of the Court