*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  March 10, 2016               520839
_____

In the Matter of the Claim of
    RUBEN TORRES,
                    Respondent.

CRISIS CARE NETWORK, INC.,                 MEMORANDUM AND ORDER
                    Appellant.

COMMISSIONER OF LABOR,
                    Respondent.
_____

Calendar Date:  February 11, 2016

Before:  Garry, J.P., Egan Jr., Lynch, Devine and Clark, JJ.

_____

        Carter, Conboy, Case, Blackmore, Maloney & Laird, PC,
Albany (William J. Decaire of counsel), for appellant.

        John Ferrara, Monticello, for Ruben Torres, respondent.

_____

Garry, J.P.

        Appeals from two decisions of the Unemployment Insurance
Appeal Board, filed June 12, 2014, which ruled, among other
things, that Crisis Care Network, Inc. was liable for additional
unemployment insurance contributions on remuneration paid to
claimant and others similarly situated.

        Crisis Care Network, Inc. (hereinafter CCN) is engaged in
the business of providing crisis intervention services to an
employer that has experienced workplace tragedies by contracting
with an employer's designated employee assistance program
(hereinafter EAP).  CCN also contracts with individual
counselors, whom it refers to as "specialists," to provide actual

counseling services to the employees affected by the tragedies. Claimant was retained by CCN as a specialist and received 65 assignments over the course of a 3½-year period.  He applied for unemployment insurance benefits and the Department of Labor issued an initial determination that claimant and others similarly situated were employees of CCN, not independent contractors, and that CCN was liable for additional unemployment contributions.  This determination was upheld by an Administrative Law Judge following a hearing.  The Unemployment Insurance Appeal Board agreed and also found that claimant was entitled to receive benefits.  CCN appeals.

Initially, it is well settled that the existence of an employment relationship is a factual issue for the Board to resolve and its decision will be upheld if supported by substantial evidence (see Matter of Concourse Ophthalmology Assoc. [Roberts], 60 NY2d 734, 736 [1983]; Matter of Hunter [Gannett Co.—Commissioner of Labor], 125 AD3d 1166, 1167 [1983]). The dispositive inquiry where, as here, the work of professionals is involved is whether the purported employer exercised overall control, that is, control of important aspects of the work performed (see Matter of Wright [Mid Island Therapy Assoc. LLC —Commissioner of Labor], 134 AD3d 1216, 1217 [2015]; Matter of Encore Music Lessons LLC [Commissioner of Labor], 128 AD3d 1313, 1314-1315 [2015]).

Here, evidence was presented at the hearing that, after contracting with an EAP, CCN recruits specialists from its self-created database and screens them to ensure that they have the qualifications required by the EAP.  If a specialist has the proper qualifications, CCN offers that individual the assignment at a set hourly rate of pay.  If accepted, as in claimant's case, the parties enter into a written agreement governing that particular assignment and CCN informs the specialist, based upon instructions from the EAP, of the date, time and location that the specialist is to report.  While on assignment, the specialist must represent that he or she is from the EAP and is not permitted to solicit clients, although there is no prohibition against a specialist otherwise engaging in private practice or working for CCN's competitors.  Except in very limited circumstances, CCN pays specialists within 45 days after services

are rendered upon the submission of the proper paper work by the specialist regardless of whether it has yet been paid by the EAP, and CCN also provides reimbursement for travel expenses. CCN also provides voluntary training. If a specialist is unable to report to an assignment, he or she must notify CCN and cannot select a replacement. Furthermore, CCN provides specialists with informational handouts to be used on assignments, as well as professional guidelines that are based upon the expectations of the EAP, and the specialists must provide reports summarizing the counseling sessions per the requirements of the EAP.

Notwithstanding the involvement of the EAP in the details of the assignments, the foregoing demonstrates that CCN maintained sufficient overall control over important aspects of the specialists' work to establish the existence of an employment relationship. Furthermore, we have recognized that "'an organization which screens the services of professionals, pays them at a set rate and then offers their services to clients exercises sufficient control to create an employment relationship'" (Matter of Lobban [Precinct Security & Investigations, Inc.—Commissioner of Labor], 131 AD3d 1294, 1294 [2015], quoting Matter of Kimberg [Hudacs], 188 AD2d 781, 781 [1992]; accord Matter of Cobrin [Telecom Consulting Group NE Corp.—Commissioner of Labor], 91 AD3d 992, 993 [2012]). In view of the above, we find that substantial evidence supports the Board's decisions and we decline to disturb them.

Egan Jr., Lynch, Devine and Clark, JJ., concur.

ORDERED that the decisions are affirmed, without costs.

ENTER:

Robert D. Mayberger
Clerk of the Court