## State of New York
## Supreme Court, Appellate Division
## Third Judicial Department

Decided and Entered:  May 19, 2016                    520941
                                                      520942

_____

In the Matter of the Claim of
    KARYN CLARKE,
                    Respondent.

SELECT MEDICAL CORPORATION,
    INC., Also Known as SELECT
    EMPLOYMENT SERVICES INC.,
                    Appellant.

COMMISSIONER OF LABOR,
                    Respondent.

(Claim No. 1.)                        MEMORANDUM AND ORDER
_____

In the Matter of the Claim of
    HELENE M. WALSH,
                    Respondent.

SELECT MEDICAL CORPORATION,
    INC., Also Known as SELECT
    EMPLOYMENT SERVICES INC.,
                    Appellant.

COMMISSIONER OF LABOR,
                    Respondent.

(Claim No. 2.)
_____


Calendar Date:  April 28, 2016

Before:  McCarthy, J.P., Garry, Egan Jr., Devine and Aarons, JJ.

_____


Clifton Budd & DeMaria, LLP, New York City (Daniel C. Moreland of counsel), for appellant.

Michelle I. Rosien, Philmont, for Kayrn Clarke and Helene M. Walsh, respondents.


_____


Devine, J.

Appeals (1) from four decisions of the Unemployment Insurance Appeal Board, filed July 17, 2014, which ruled, among other things, that Select Medical Corporation, Inc. was liable for unemployment insurance contributions on remuneration paid to claimants and others similarly situated, and (2) from four decisions of said Board, filed November 19, 2014, which denied a request by Select Medical Corporation, Inc. for reconsideration and/or reopening.

The State Department of Education administers supplemental educational services to eligible children that include speech and occupational therapy (see 20 USC § 1400 et seq.; 20 USC § 6301 et seq.; Education Law § 4400 et seq.; Matter of Wright [Mid Is. Therapy Assoc. LLC—Commissioner of Labor], 134 AD3d 1216, 1217 [2015]). Metro Therapy, Inc., a subsidiary of Select Medical Corporation, Inc. (hereinafter collectively referred to as the agency), contracts with county health departments and school districts to provide those services to children. The agency accordingly maintains a database of certified service providers consisting of, as relevant here, licensed occupational therapists, including claimant Karyn Clarke, and occupational therapy assistants, including claimant Helene M. Walsh. Upon receiving a request from its governmental client, the agency contacts potential providers in that area via email or direct calls. The agency paid claimants directly pursuant to a fee schedule that was subject to negotiation, and billed its clients

using invoices prepared by claimants documenting the services rendered.  Claimants were not reimbursed for expenses and paid for their own liability insurance, obtained their own licenses and required certifications and did not receive employee benefits.  Claimants signed independent contractor agreements with the agency that, among other things, permitted them to work for other agencies but prohibited them from soliciting the agency's clients while they worked for the agency and for a two-year period thereafter.

Claimants applied for unemployment insurance benefits in 2010.  A combined hearing was held at which Walsh and the vice-president of Metro Therapy, Conrad Kupferman, testified.  The Unemployment Insurance Appeal Board determined, in four decisions, that claimants and those similarly situated were employees of the agency, and that the agency was responsible for unemployment insurance contributions.  The agency's subsequent request for reopening and/or reconsideration was denied by the Board in four decisions.  The agency now appeals from all of the Board's decisions.

While we are unpersuaded that the Board failed to explain its departure from somewhat similar prior precedent (see Matter of Charles A. Field Delivery Serv. [Roberts], 66 NY2d 516, 520 [1985]), that does not end the matter before us.  "Whether an employer-employee relationship exists is a factual determination for the Board, and its decision will be upheld if supported by substantial evidence" (Matter of John Lack Assoc., LLC [Commissioner of Labor], 112 AD3d 1042, 1043 [2013] [citations omitted]; see Matter of Empire Towing & Recovery Assn., Inc. [Commissioner of Labor], 15 NY3d 433, 437 [2010]; Matter of Salamanca Nursing Home [Roberts], 68 NY2d 901, 903 [1986]).  Where, as here, "the details of the work performed are difficult to control because of considerations such as professional responsibilities, courts have applied the overall control test, which requires that the employer exercise control over important aspects of the services performed" (Matter of Wright [Mid Is. Therapy Assoc. LLC—Commissioner of Labor], 134 AD3d at 1217 [internal quotation marks and citation omitted]; see Matter of Empire State Towing & Recovery Assn., Inc. [Commissioner of

Labor], 15 NY3d at 437-438; Matter of Mattei [Horizon Healthcare Staffing Corp.—Commissioner of Labor], 265 AD2d 723, 723 [1999]).

With regard to Clarke, Kupferman testified that she scheduled her own therapy sessions and was given no instruction or direction on how to perform her work, that there was no performance review by the agency other than occasional observations on school visits and that the state did not require review of her work. Clarke could accept or refuse a particular assignment and was permitted to accept referrals from other agencies. The reports that therapists prepared for each child were required by the governmental client to document that the child was receiving the required services and for future planning, and the reports and daily invoices were only used by the agency to pay the therapists and obtain reimbursement from its clients for services rendered. Therefore, while the agency may have exercised incidental control over Clarke and other occupational therapists, such as requiring a noncompete clause, substantial evidence does not support the finding that the agency exercised overall control over any important aspect of the services provided by Clarke (or other occupational therapists) so as to establish an employer-employee relationship (see Matter of Wright [Mid Is. Therapy Assoc. LLC—Commissioner of Labor], 134 AD3d at 1217-1218; Matter of Jean-Pierre [Queens Perioperative Med. Assoc. PLLC—Commissioner of Labor], 119 AD3d 1206, 1207-1208 [2014]; cf. Matter of Harold [Leonard's Transp.—Commissioner of Labor], 133 AD3d 1069, 1070-1071 [2015], lv dismissed 26 NY3d 1136 [2016]).

We reach a different conclusion with regard to Walsh, an occupational therapy assistant, deferring to the Board's determination to credit her testimony (see Matter of Sciortino [Salina Free Lib.—Commissioner of Labor], 129 AD3d 1415, 1416 [2015]).[1] Walsh required supervision in her role as an assistant and reported to the service coordinators employed by the agency, who were "constantly" in contact with her, telling her "what to

---

[1] Walsh testified that her testimony and knowledge applied only to her own work as an occupational therapy assistant and that she could not testify regarding occupational therapists.

do" in numerous respects and addressing problems with various aspects of her work. They also made it clear that she could not turn down assignments, repeatedly telling her that she was required to take assignments if she wanted to continue working at a particular school district. Substantial evidence therefore supports the finding that the agency exercised sufficient overall control over important aspects of the work of Walsh and those similarly situated so as to establish an employer-employee relationship (see Matter of Strauss [RMC Research Corp.— Commissioner of Labor], 135 AD3d 1268, 1270 [2016]; Matter of LaValley [West Firm, PLLC—Commissioner of Labor], 120 AD3d 1498, 1499 [2014]; Matter of Mackey [Prometric Inc.—Commissioner of Labor], 120 AD3d 1493, 1495 [2014]).

As a final matter, the agency has not raised any arguments in its briefs regarding the Board's denial of its application to reopen or reconsider and, as such, has abandoned any claims in that regard (see Matter of Perez v Licea, 74 AD3d 1672, 1674 n 1 [2010], lv denied 15 NY3d 711 [2010]).

McCarthy, J.P., Garry, Egan Jr. and Aarons, JJ., concur.

ORDERED that the two decisions filed July 17, 2014 with respect to claimant Karyn Clarke are reversed, without costs, and matter remitted to the Unemployment Insurance Appeal Board for further proceedings not inconsistent with this Court's decision.

ORDERED that the two decisions filed July 17, 2014 with respect to claimant Helene N. Walsh and the four decisions filed November 19, 2004 are affirmed, without costs.

ENTER:

Robert D. Mayberger
Clerk of the Court