*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  May 19, 2016                    520940
_____

In the Matter of the Claim of
    MICHELE L. CORRENTE,
                    Respondent.

SELECT MEDICAL CORPORATION,                    MEMORANDUM AND ORDER
    INC., Also Known as SELECT
    EMPLOYMENT SERVICES, INC.,
                    Appellant.

COMMISSIONER OF LABOR,
                    Respondent.
_____

Calendar Date:  April 28, 2016

Before:  McCarthy, J.P., Garry, Egan Jr., Devine and Aarons, JJ.

_____

        Clifton Budd & DeMaria, LLP, New York City (Daniel C. Moreland of counsel), for appellant.

        Michelle I. Rosien, Philmont, for Michele L. Corrente, respondent.

_____

Devine, J.

        Appeals (1) from two decisions of the Unemployment Insurance Appeal Board, filed July 22, 2014, which ruled, among other things, that Select Medical Corporation, Inc. was liable for unemployment insurance contributions on remuneration paid to claimant and others similarly situated, and (2) from two decisions of said Board, filed October 7, 2014, which denied a request by Select Medical Corporation, Inc. for reconsideration and/or reopening.

As set out more fully in our decision in <u>Matter of Clarke</u>
<u>(Select Medical Corp.—Commissioner of Labor)</u> (___ AD3d ___
[decided herewith]), Metro Therapy, Inc., a subsidiary of Select
Medical Corporation, Inc. (hereinafter collectively referred to
as the agency), contracts with county health departments and
school districts to provide supplemental educational services to
children.  Claimant, a licensed speech therapist, signed an
independent contractor agreement with the agency.  The agency
billed its clients for claimant's work using reports and forms
prepared by her, and claimant was paid pursuant to a fee schedule
that was subject to negotiation.  Claimant applied for
unemployment insurance benefits in 2010 and, following hearings,
the Unemployment Insurance Appeal Board concluded that claimant
and others similarly situated are employees of the agency and
that the agency is liable for additional unemployment insurance
contributions.  The agency's subsequent request for
reconsideration and/or reopening was denied by the Board.  The
agency now appeals from these decisions.

"Whether an employer-employee relationship exists is a
factual determination for the Board, and its decision will be
upheld if supported by substantial evidence" (<u>Matter of John Lack</u>
<u>Assoc., LLC [Commissioner of Labor]</u>, 112 AD3d 1042, 1043 [2013]
[citations omitted]; <u>see</u> <u>Matter of Empire Towing & Recovery</u>
<u>Assn., Inc. [Commissioner of Labor]</u>, 15 NY3d 433, 437 [2010];
<u>Matter of Salamanca Nursing Home [Roberts]</u>, 68 NY2d 901, 903
[1986]).  Where, as here, "the details of the work performed are
difficult to control because of considerations such as
professional responsibilities, courts have applied the overall
control test, which requires that the employer exercise control
over important aspects of the services performed" (<u>Matter of</u>
<u>Wright [Mid Is. Therapy Assoc. LLC—Commissioner of Labor]</u>, 134
AD3d 1216, 1217 [2015] [internal quotation marks and citation
omitted]; <u>see</u> <u>Matter of Empire State Towing & Recovery Assn.,</u>
<u>Inc. [Commissioner of Labor]</u>, 15 NY3d at 437-438).

The record here lacks substantial evidence that the agency
exercised overall control of important aspects of claimant's
therapy services, the policies and procedures for which are
dictated by statutes and regulations governing the provision of
supplemental educational and related services (<u>see</u> <u>Matter of</u>

Clarke [Select Medical Corp. Inc.—Commissioner of Labor], supra). As in Matter of Wright (Mid Is. Therapy Assoc. LLC—Commissioner of Labor) (134 AD3d at 1217-1218), claimant was free to reject referrals or to discontinue services for a child, established her own schedule for providing therapy services, conducted therapy in the child's home, daycare or school, and provided services pursuant to lesson plans that she devised without input from the agency. Claimant paid her own expenses and professional liability insurance, obtained all necessary licensing and certifications, did not receive any benefits, was allowed to provide services to others provided that they are not agency clients, and was not provided equipment or training by the agency. The various reports, letters to parents and billing forms supplied on the agency's website for providers' use, and submitted by claimant through the agency's website, were required by the clients and state agencies that regulated their content (see id. at 1218). The agency did review claimant's reports but, while it occasionally suggested stylistic edits before submitting them on agency letterhead to clients, no evidence was submitted that the agency made any substantive changes to them. The agency further conducted an annual review of claimant and sometimes offered feedback, but such was required by the clients as part of their mandated program review.

The bulk of the practices, policies and procedures suggestive of the agency's control over claimant were primarily mandated by law, in other words, and such is insufficient to establish an employment relationship by itself (see id. at 1217; Matter of Cohen [Just Energy Mktg. Corp.—Commissioner of Labor], 117 AD3d 1112, 1112-1113 [2014], lv dismissed 24 NY3d 928 [2014]; Matter of Choto v Consolidated Lbr. Transp., Inc., 82 AD3d 1369, 1369-1370 [2011]). The record reflects a degree of incidental control by the agency over claimant, at best, and substantial evidence is therefore lacking to establish that the agency exercised overall control over any important aspect of claimant's speech therapy services so as to establish an employer-employee relationship (see Matter of Wright [Mid Is. Therapy Assoc. LLC—Commissioner of Labor], 134 AD3d at 1217-1218; Matter of Jean-Pierre [Queens Perioperative Med. Assoc. PLLC—Commissioner of Labor], 119 AD3d 1206, 1207-1208 [2014]; cf. Matter of Harold [Leonard's Transp.—Commissioner of Labor], 133 AD3d 1069, 1070-

1071 [2015], <u>lv dismissed</u> 26 NY3d 1136 [2016]).

The agency's remaining contentions are academic in light of the foregoing.

McCarthy, J.P., Garry, Egan Jr. and Aarons, JJ., concur.

ORDERED that the decisions filed July 22, 2014 are reversed, without costs, and matter remitted to the Unemployment Insurance Appeal Board for further proceedings not inconsistent with this Court's decision.

ORDERED that the decisions filed October 7, 2014 are affirmed, without costs.

ENTER:

Robert D. Mayberger
Clerk of the Court