*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  January 19, 2017                    522440
_____

In the Matter of the Claim of
    PATRICK DESRAVINES,
                    Respondent.

LOGIC CORPORATION,                          MEMORANDUM AND ORDER
                    Appellant.

COMMISSIONER OF LABOR,
                    Respondent.
_____

Calendar Date:  December 13, 2016

Before:  McCarthy, J.P., Egan Jr., Lynch, Clark and Aarons, JJ.

_____

        Mintz & Gold, LLP, New York City (Ryan W. Lawler of counsel), for appellant.

        John Ferrara, Monticello, for Patrick Desravines, respondent.

        Eric T. Schneiderman, Attorney General, New York City (Mary Hughes of counsel), for Commissioner of Labor, respondent.

_____

Lynch, J.

        Appeals from two decisions of the Unemployment Insurance Appeal Board, filed April 10, 2015, which ruled, among other things, that Logic Corporation was liable for unemployment insurance contributions on remuneration paid to claimant and others similarly situated.

        Logic Corporation is a recruitment and placement agency that assists its clients in retaining individuals to perform work

for the clients based upon job descriptions and skill requirements specified by the client, primarily information technology (hereinafter IT) services. Claimant was hired in January 2012 to perform IT and computer services as a desktop engineer for OSP Group, a client of Logic. After OSP terminated claimant, claimant applied for unemployment insurance benefits. The Department of Labor determined that he was an employee of Logic entitled to such benefits, and that Logic was liable for additional contributions based upon remuneration paid to claimant and others similarly situated. Following hearings,[1] an Administrative Law Judge concluded that claimant was an independent contractor and not an employee of Logic and overruled the initial determination. On claimant's appeal, the Unemployment Insurance Appeal Board reversed and upheld the initial determination, finding that claimant was an employee of Logic, and that Logic was liable for additional unemployment insurance contributions based upon remuneration paid to claimant and others similarly situated. Logic now appeals.

"Whether an employer-employee relationship exists is a factual determination for the Board, and its decision will be upheld if supported by substantial evidence" (Matter of Corrente [Select Med. Corp., Inc.—Commissioner of Labor], 139 AD3d 1283, 1284 [2016] [internal quotation marks and citations omitted]). "An employer-employee relationship ordinarily exists where the putative employer exercises control over the results produced or the means used to achieve the results, with control over the latter of more importance," although "incidental control over the results produced without further indicia of control over the means employed to achieve the results will not constitute substantial evidence of an employer-employee relationship" (Matter of Eiber Translations, Inc. [Commissioner of Labor], 143 AD3d 1080, 1081 [2016] [internal quotation marks and citation omitted]).

----

[1] After initial hearings and determinations, the Unemployment Insurance Appeal Board remanded the matter for further hearings to develop the record, which were thereafter held.

Here, claimant responded to an advertisement placed by Logic on a recruitment website that contained a job description and information provided by OSP. Claimant and other applicants submitted resumes to Logic; upon review, Logic forwarded multiple resumes that met OSP's needs to OSP for selection. OSP interviewed the applicants of its choice and, after an interview, OSP offered claimant an IT position as a desktop engineer. Claimant was paid an hourly rate set by OSP and agreed to by claimant, with some negotiation. Claimant worked full time at OSP's offices on a schedule set by OSP, with work assigned and directed by OSP managers, and an OSP supervisor approved his time sheets, which were submitted along with an invoice to Logic for payment to claimant. Logic thereafter billed OSP for claimant's services and its fee, but did not pay claimant unless OSP paid Logic. Logic did not require claimant to attend meetings or submit reports and provided no training or supplies. Logic did not hire or fire claimant, did not supervise him or evaluate his work and did not restrict him from working for OSP's competitors. Logic essentially "acted as little more than an intermediary" between OSP and claimant (Matter of Eiber Translations, Inc. [Commissioner of Labor], 143 AD3d at 1082). Contrary to the Board's finding, Logic did not enter into an independent contractor agreement with claimant. Rather, the record reflects that while Logic sent claimant a written independent contractor agreement that contained no-compete and no-solicitation clauses, among other provisions, claimant testified that the signature on the document was not his and the agreement was never signed by Logic.

Given the foregoing, we find that the record fails to contain substantial evidence to support the Board's conclusion that Logic exercised sufficient supervision and control over claimant to demonstrate an employer-employee relationship, and that any control retained by Logic was, at most, incidental (see Matter of Yoga Vida NYC, Inc. [Commissioner of Labor], 28 NY3d 1013, 1015 [2016]; Matter of Eiber Translations, Inc. [Commissioner of Labor], 143 AD3d at 1082). Even assuming, without deciding, that claimant's IT position was a professional one, as the Board concluded, we similarly find that the record lacks substantial evidence that Logic exercised "overall control . . . over important aspects of the services performed other than

results or means" (Matter of Empire State Towing & Recovery Assn., Inc. [Commissioner of Labor], 15 NY3d 433, 437-438 [2010] [internal quotation marks and citation omitted]; accord Matter of Crahan [Progress Rail Servs. Corp.—Commissioner of Labor], 116 AD3d 1277, 1278 [2014]). The unrefuted testimony of claimant and Logic's principal is that, aside from recruiting claimant and paying him, Logic had little knowledge of the services that he provided to OSP or his job duties, had no control over his assignments or work performance and did not evaluate or supervise his work.

McCarthy, J.P., Egan Jr., Clark and Aarons, JJ., concur.

ORDERED that the decisions are reversed, without costs, and matter remitted to the Unemployment Insurance Appeal Board for further proceedings not inconsistent with this Court's decision.

ENTER:

Robert D. Mayberger
Clerk of the Court