Matter of Giordano (Commissioner of Labor) (2018 NY Slip Op 03573)





Matter of Giordano (Commissioner of Labor)


2018 NY Slip Op 03573


Decided on May 17, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: May 17, 2018

522459

[*1]In the Matter of the Claim of TONIANN M. GIORDANO, Respondent. TENDER AGE PT INC., Appellant. COMMISSIONER OF LABOR, Respondent.

Calendar Date: April 27, 2018

Before: McCarthy, J.P., Egan Jr., Devine, Mulvey and Rumsey, JJ.


Carmel, Milazzo & DiChiara LLP, New York City (Ross D. Carmel of counsel), for appellant.
Thomas F. Garner, Middleburgh, for Toniann M. Giordano, respondent.
Barbara D. Underwood, Acting Attorney General, New York City (Mary Hughes of counsel), for Commissioner of Labor, respondent.




MEMORANDUM AND ORDER
McCarthy
, J.P.
Appeal from three decisions of the Unemployment Insurance Appeal Board, filed April 22, 2015, which ruled, among other things, that Tender Age PT Inc. was liable for unemployment insurance contributions on remuneration paid to claimant and others similarly situated.
The Department of Education administers supplemental education services to children with disabilities and special needs who are eligible for such services under federal law (see Education Law § 4401 et seq.; 20 USC § 1400 et seq.; 20 USC § 6301 et seq.; Matter of Clarke [Select Medical Corp. Inc.-Commissioner of Labor], 139 AD3d 1285, 1286 [2016]). Tender Age PT Inc. (hereinafter TAPT) is an approved provider of such services and makes available to its clients — state and local government entities consisting primarily of counties and school districts — occupational therapy, physical therapy, speech therapy, special education and related services. TAPT contracts with service professionals possessing the requisite skills needed by its clients to perform the actual services. When TAPT is contacted by either a client or a parent regarding a child with a particular need, it consults its registry of approved service professionals within the specialty needed and, after finding an appropriate match, refers the case to the service [*2]professional to work directly with the child.
Claimant, an applied behavioral analyst therapist, filed a claim for unemployment insurance benefits after she stopped receiving assignments from TAPT. The Department of Labor, in turn, conducted an audit of TAPT's operations covering the years 2008 and 2009. At the conclusion of the audit, it rendered initial determinations finding, among other things, that TAPT was liable for additional unemployment insurance contributions on remuneration paid to claimant and other similarly situated service professionals [FN1]. Following combined hearings on cases related to the audit, an Administrative Law Judge sustained these determinations. Thereafter, the Unemployment Insurance Appeal Board upheld the assessment of additional contributions upon finding that an employment relationship existed between TAPT and claimant, as well as other similarly situated service professionals [FN2]. TAPT appeals.
Initially, the existence of an employer-employee relationship is a factual issue for the Board to resolve and its decision will not be disturbed if it is supported by substantial evidence (see Matter of Empire Towing & Recovery Assn., Inc. [Commissioner of Labor], 15 NY3d 433, 437 [2010]; Matter of Desravines [Logic Corp.-Commissioner of Labor], 146 AD3d 1205, 1205 [2017]). Significantly, in situations like the one here, where "the details of the work performed are difficult to control because of considerations such as professional responsibilities, courts have applied the overall control test, which requires that the employer exercise control over important aspects of the services performed" (Matter of Wright [Mid Is. Therapy Assoc. LLC-Commissioner of Labor], 134 AD3d 1216, 1217 [2015] [internal quotation marks and citation omitted]; see Matter of Empire Towing & Recovery Assn., Inc. [Commissioner of Labor], 15 NY3d at 437-438; Matter of Corrente [Select Medical Corp., Inc.-Commissioner of Labor], 139 AD3d 1283, 1284 [2016]).
In view of this Court's recent decisions in Matter of Clarke (Select Medical Corp., Inc.-Commissioner of Labor) (supra), Matter of Corrente (Select Medical Corp., Inc.-Commissioner of Labor) (supra) and Matter of Wright (Mid Is. Therapy Assoc. LLC-Commissioner of Labor) (supra), all of which involved approved agencies providing supplemental educational services under arrangements similar to the one here, we cannot conclude that substantial evidence supports the Board's finding of an employment relationship. As in those cases, TAPT's overall control over important aspects of the service professionals' work is lacking largely because the policies and procedures related thereto are "dictated by statutes and regulations governing the provision of supplemental educational and related services" (Matter of Corrente [Select Medical Corp., Inc.-Commissioner of Labor], 139 AD3d at 1284). Indeed, although TAPT collected resumes and interviewed candidates wishing to be placed on its registry, this was primarily for the purpose of insuring that they met the requirements imposed by the Department of Health with regard to certification and licensing. Once candidates became approved service professionals, TAPT offered assignments based upon availability and other criteria, but the service [*3]professionals were free to reject an assignment or work for other agencies. If an assignment was accepted, TAPT supplied the service professionals with documentation furnished by the client, including the child's treatment plan and a prescription for the service, as well as other legally mandated documents. The service professionals then worked directly with the child and his or her parent, providing all necessary equipment and materials, and scheduling appointments without any involvement or oversight by TAPT, usually at the child's home, school or day care center.
The compensation paid to the service professionals was negotiable, but was limited by the amount that TAPT received from its clients. Although the service professionals prepared daily work logs, as well as periodic status reports, on preprinted forms that they submitted to TAPT, this was done in order to comply with the requirements of TAPT's clients. In accordance with such requirements, they also submitted monthly invoices containing treatment information that TAPT compared with the daily logs. They would not, however, get paid until TAPT received payment from its clients.
In view of the foregoing, it is apparent that any control that TAPT exercised over the work performed by claimant or similarly situated service professionals was merely incidental and a product of the highly regulated environment governing the nature of the services provided (see Matter of Clarke [Select Medical Corp. Inc.-Commissioner of Labor], 139 AD3d at 1287-1288; Matter of Corrente [Select Medical Corp. Inc.-Commissioner of Labor], 139 AD3d at 1285; Matter of Wright [Mid Is. Therapy Assoc. LLC-Commissioner of Labor], 134 AD3d at 1217-1218). Consequently, we conclude that substantial evidence does not support the Board's finding of an employment relationship and its decisions must be modified accordingly.
Egan Jr., Devine, Mulvey and Rumsey, JJ., concur.
ORDERED that the decisions are modified, without costs, by reversing so much thereof as assessed Tender Age PT Inc. for additional unemployment insurance contributions based on remuneration paid to claimant and other similarly situated applied behavioral analyst therapists and special education service providers, and, as so modified, affirmed.



Footnotes

Footnote 1: The service professionals covered by the initial determinations included several types of special education service providers.

Footnote 2: The Board, however, found that payments made to one named service professional should not have been included in computing the amount of additional contributions due to the absence of an employment relationship and modified the Administrative Law Judge's decision accordingly.