Matter of Roccosalvo (Gaiton--Commissioner of Labor) (2021 NY Slip Op 00601)





Matter of Roccosalvo (Gaiton--Commissioner of Labor)


2021 NY Slip Op 00601


Decided on February 4, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: February 4, 2021

529965

[*1]In the Matter of the Claim of Joseph C. Roccosalvo, Respondent. Lana Gaiton, Appellant. Commissioner of Labor, Respondent.

Calendar Date: January 6, 2021

Before: Egan Jr., J.P., Aarons, Pritzker, Reynolds Fitzgerald and Colangelo, JJ.


Mintz & Gold LLP, New York City (Timothy J. Quill Jr. of counsel), for appellant.
Salvatore C. Adamo, Albany, for Joseph C. Roccosalvo, respondent.
Letitia James, Attorney General, New York City (Gary Leibowitz of counsel), for Commissioner of Labor, respondent.



Reynolds Fitzgerald, J.
Appeals from two decisions of the Unemployment Insurance Appeal Board, filed March 5, 2019, which ruled, among other things, that Lana Gaiton was liable for unemployment insurance contributions on remuneration paid to claimant and others similarly situated.
Lana Gaiton is a licensed psychologist who operates a private practice. In June 2015, she posted an advertisement on Craigslist soliciting professionals specializing in certain areas, including social work and substance abuse, to provide services to clients in her practice. Claimant, who is a psychotherapist with a specialty in social work as well as alcohol and substance abuse, responded to this advertisement. Gaiton subsequently retained claimant to provide services to clients in need of his expertise. This arrangement continued until April 2017. After it ended, claimant applied for unemployment insurance benefits. Thereafter, the Department of Labor issued an initial determination finding that claimant was Gaiton's employee and that Gaiton was liable for additional unemployment insurance contributions on remuneration paid to him and others similarly situated. Following a hearing, an Administrative Law Judge upheld this determination, and the Unemployment Insurance Appeal Board later affirmed. Gaiton appeals.
Initially, it is well settled that the existence of an employment relationship is a factual issue for the Board and its decision will be upheld if supported by substantial evidence (see Matter of Concourse Ophthalmology Assoc. [Roberts], 60 NY2d 734, 736 [1983]; Matter of Millennium Med. Care, P.C. [Commissioner of Labor], 175 AD3d 755, 756 [2019]). The pertinent consideration is whether the purported employer exercised control over the results produced or the means used to achieve those results, with control over the latter being more important (see Matter of Empire State Towing & Recovery Assn., Inc. [Commissioner of Labor], 15 NY3d 433, 437 [2010]; Matter of Magdylan [Munschauer-Commissioner of Labor], 172 AD3d 1832, 1833 [2019]). However, where medical professionals are involved and "the details of the work performed are difficult to control because of considerations such as professional and ethical responsibilities, courts have applied the overall control test where substantial evidence of control over important aspects of the services performed other than results or means is sufficient to establish an employer-employee relationship" (Matter of Mitchell [Nation Co. Ltd Partners-Commissioner of Labor], 145 AD3d 1404, 1405-1406 [2016] [internal quotation marks and citations omitted]; see Matter of Empire State Towing & Recovery Assn., Inc. [Commissioner of Labor], 15 NY3d at 437; Matter of Giordano [Tender Age PT Inc.-Commissioner of Labor], 161 AD3d 1398, 1399 [2018]).
Here, claimant submitted his resume, license and qualifications to Gaiton in response to the job posting and, after she reviewed them and met with him, the parties agreed to a pay rate of $40 per hour. [*2]Gaiton referred her clients to claimant, and it was his choice to accept or decline the referral. If he accepted, Gaiton instructed him when the client needed to be seen and provided him with contact information. Claimant, in turn, contacted the clients directly. Although claimant also had his own clients and his own home office, he initially met with Gaiton's clients in her office and sometimes continued to see them at this location. Claimant set his own schedule, but Gaiton determined the times when claimant could see clients in her office. She did not charge claimant for office space and claimant's name appeared on the business cards for the practice.
Claimant collected copayments from Gaiton's clients and kept progress notes for each counseling session, which he gave to Gaiton. Gaiton, in turn, handled billing the insurance company and paid claimant every two weeks regardless of whether she had received payment from the insurance company. At times, Gaiton reviewed claimant's progress notes; in certain instances, such as when a client was a crisis situation, she discussed the notes with him. She occasionally provided guidance when claimant needed assistance in handling sensitive matters. In addition to counseling services, Gaiton arranged for claimant to perform clinical group supervision sessions with students and paid him $60 per hour for doing so. Claimant was expected to keep her apprised of matters pertaining to these sessions.
As is evident from the above, Gaiton exercised considerable control over scheduling in-office client appointments, handling matters related to billing and overseeing the services provided to her clients and to the students participating in clinical group supervision sessions. As such, Gaiton exercised sufficient overall control with respect to the services provided by claimant to establish the existence of an employment relationship, notwithstanding evidence in the record supporting a contrary conclusion (see Matter of Lustgarten [New York Psychotherapy & Counseling Ctr.-Commissioner of Labor], 123 AD3d 1212, 1212-1213 [2014]). Gaiton's reliance on Matter of Clarke (Select Med. Corp., Inc.-Commissioner of Labor) (139 AD3d 1285 [2016]) and Matter of Corrente (Select Med. Corp., Inc.-Commissioner of Labor) (139 AD3d 1283 [2016]) does not compel a different result. In both of those cases, the control exercised by the purported employers was necessitated by the statutory and regulatory provisions governing the services at issue. That is not the case here. Accordingly, given that substantial evidence supports the Board's decisions, we decline to disturb them.
Egan Jr., J.P., Aarons, Pritzker and Colangelo, JJ., concur.
ORDERED that the decisions are affirmed, without costs.