## State of New York
## Supreme Court, Appellate Division
## Third Judicial Department

Decided and Entered:  February 19, 2015                    518862
_____

In the Matter of the Claim of
    CAMILLE HUNTER,
                  Respondent.

GANNETT COMPANY, INC., Doing
    Business as DEMOCRAT                    MEMORANDUM AND ORDER
    AND CHRONICLE,
                  Appellant.

COMMISSIONER OF LABOR,
                  Respondent.
_____

Calendar Date:  December 2, 2014

Before:  Lahtinen, J.P., Garry, Lynch and Clark, JJ.

_____

     Bond, Schoeneck & King, PLLC, Syracuse (Daniel J. Pautz of counsel) and The Zinser Law Firm, PC, Nashville, Tennessee (L. Michael Zinser admitted pro hac vice), for appellant.

     James W. Cooper, Warrensburg, for Camille Hunter, respondent.

     Eric T. Schneiderman, Attorney General, New York City (Steven Koton of counsel), for Commissioner of Labor, respondent.

     Satterlee Stephens Burke & Burke, LLP, New York City (Mark A. Fowler), for New York News Publishers Association, amicus curiae.

_____

     Appeals from two decisions of the Unemployment Insurance Appeal Board, filed July 25, 2013, which ruled, among other

things, that Gannett Company, Inc. is liable for additional unemployment insurance contributions on remuneration paid to claimant and others similarly situated.

Claimant contracted with Gannett Company, Inc. to deliver newspapers to residential customers. After the Commissioner of Labor deemed claimant an employee, Gannett objected and, following a hearing, the Administrative Law Judge disagreed and concluded that claimant was an independent contractor. On appeal by the Commissioner of Labor, the Unemployment Insurance Appeal Board reversed that determination and found claimant and all motor-route carriers similarly situated to be employees. Gannett now appeals, and we affirm.

The essence of Gannett's argument is that the Board's finding of an employer-employee relationship is not supported by substantial evidence. We disagree. "Whether an employer-employee relationship exists is a factual determination for the Board, and its decision will be upheld if supported by substantial evidence" (Matter of John Lack Assoc., LLC [Commissioner of Labor], 112 AD3d 1042, 1043 [2013] [citation omitted]; see Matter of Concourse Ophthalmology Assoc. [Roberts], 60 NY2d 734, 736 [1983]). "While no single factor is determinative, control over the results produced or the means used to achieve those results are pertinent considerations, with the latter being more important" (Matter of Joyce [Coface N. Am. Ins. Co.—Commissioner of Labor], 116 AD3d 1132, 1133 [2014] [internal quotation marks and citation omitted]; see Matter of Spielberger [Commissioner of Labor], 122 AD3d 998, 999 [2014]).

Recently, in Matter of Armison [Gannett Co., Inc.—Commissioner of Labor] (122 AD3d 1101 [2014]), this Court upheld a finding of an employer-employee relationship between Gannett and certain newspaper delivery persons. Here, as we did in Armison, we find that the requisite level of control was present to support the Board's finding of an employer-employee relationship. Claimant was required to make deliveries within set time frames and according to other conditions. Claimant was also required to be a licensed driver with a registered and insured vehicle, and was obligated to provide Gannett with a copy of her driver's license and proof of liability insurance.

Additionally, under the terms of the distribution agreement, all substitutes were required to be licensed and insured. Claimant was provided a route set by Gannett and, if claimant was not available to deliver her route, she was responsible for finding a substitute. In the event that deliveries were not made by claimant, Gannett would use an employee to make the delivery and charge claimant a fee. Further, Gannett controlled other aspects of claimant's work, including prohibiting placing foreign materials on or in the publications. Claimant was also provided access to accident insurance from Gannett's policy. In light of the foregoing, and despite the existence of other evidence in the record suggestive of an independent contractor relationship — including the distribution agreement expressly designating claimant as an independent contractor — we find that substantial evidence supports the Board's determination that claimant was an employee (see Matter of Armison [Gannett Co., Inc.—Commissioner of Labor], 122 AD3d at 1101; Matter of Lewis [Absolute Distrib., Inc.—Commissioner of Labor], 121 AD3d 1488 [2014]; Matter of Kelly [Frank Gallo, Inc.—Commissioner of Labor], 28 AD3d 1044, 1045 [2006], lv dismissed 7 NY3d 844 [2006]). Gannett's remaining arguments have been considered and found to be lacking in merit.

Lahtinen, J.P., Garry, Lynch and Clark, JJ., concur.

ORDERED that the decisions are affirmed, without costs.

ENTER:

Robert D. Mayberger
Clerk of the Court