*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  April 9, 2015                    518559
_____

In the Matter of the Claim of
    JONATHAN GAGER,
                    Respondent.

GANNETT SATELLITE INFORMATION
    NETWORK, INC., Doing                 MEMORANDUM AND ORDER
    Business as PRESS AND SUN
    BULLETIN,
                    Appellant.

COMMISSIONER OF LABOR,
                    Respondent.
_____

Calendar Date:  February 10, 2015

Before:  Lahtinen, J.P., Garry, Lynch and Devine, JJ.

_____

        Bond, Schoeneck & King, PLLC, Syracuse (L. Michael Zinser of Zinser Law Firm, Nashville, Tennessee, admitted pro hac vice), for appellant.

        James W. Cooper, Warrensburg, for Jonathan Gager, respondent.

        Eric T. Schneiderman, Attorney General, New York City (Mary Hughes of counsel), for Commissioner of Labor, respondent.

        Satterlee Stephens Burke & Burke LLP, New York City (Mark A. Fowler of counsel), for New York News Publishers Association, amicus curiae.

_____

Lynch, J.

Appeals from two decisions of the Unemployment Insurance Appeal Board, filed May 30, 2013, which ruled, among other things, that Gannett Satellite Information Network, Inc. is liable for unemployment insurance contributions on remuneration paid to claimant and others similarly situated.

Claimant delivered newspapers for Gannett Satellite Information Networks, Inc. under four separate contracts from March 2004 until September 2009. Gannett has appealed from two Unemployment Insurance Appeal Board decisions finding that claimant was an employee entitled to benefits, for which Gannett was liable for unemployment insurance contributions. The indicia of control retained by Gannett through the agreements with claimant are nearly identical to the factors identified to establish an employment relationship in Matter of Armison (Gannett Co., Inc.-Commissioner of Labor) (122 AD3d 1101 [2014], lv dismissed 24 NY3d 1209 [2015]). Accordingly, we find that the Board's decisions are supported by substantial evidence (see Matter of Travis [Gannett Satellite Information Network, Inc.-Commissioner of Labor], ___ AD3d ___ [decided herewith]; Matter of Hunter [Gannett Co., Inc.-Commissioner of Labor], 125 AD3d 1166, 1167-1168 [2015]).

Lahtinen, J.P., Garry and Devine, JJ., concur.

ORDERED that the decisions are affirmed, without costs.

ENTER:

Robert D. Mayberger
Clerk of the Court