*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  March 17, 2016                    520662
_____

In the Matter of the Claim of
    NANCY B. ROSENFELDER,
                    Respondent.

COMMUNITY FIRST HOLDINGS, INC.,
    Doing Business as LOCKPORT           MEMORANDUM AND ORDER
    UNION SUN & JOURNAL,
                    Appellant.

COMMISSIONER OF LABOR,
                    Respondent.
_____

Calendar Date:  February 8, 2016

Before:  McCarthy, J.P., Egan Jr., Rose, Devine and Clark, JJ.

_____

        Bond, Schoeneck & King, PLLC, Syracuse (Peter A. Jones of counsel) and The Zinser Law Firm, PC, Nashville, Tennessee (L. Michael Zinser admitted pro hac vice), for appellant.

        Michelle I. Rosien, Philmont, for Nancy B. Rosenfelder, respondent.

        Eric T. Schneiderman, Attorney General, New York City (Steven Koton of counsel), for Commissioner of Labor, respondent.

        Satterlee Stephens Burke & Burke LLP, New York City (Mark A. Fowler of counsel), for New York News Publishers Association, amicus curiae.

_____

McCarthy, J.P.

Appeals from two decisions of the Unemployment Insurance Appeal Board, filed May 21, 2014, which ruled, among other things, that Community First Holdings, Inc. was liable for unemployment insurance contributions on remuneration paid to claimant and others similarly situated.

Community First Holdings, Inc. (hereinafter CFHI) prints and publishes a daily newspaper. In January 2012, claimant entered into a contract with CFHI to deliver newspapers within designated geographic routes using her own vehicle. When claimant became unable to service the routes due to vehicle problems, she ended her contract and applied for unemployment insurance benefits. The Department of Labor issued initial determinations finding that she was eligible to receive benefits and that CFHI was liable for additional unemployment insurance contributions on remuneration paid to claimant and others similarly situated. CFHI objected and, following lengthy hearings, an Administrative Law Judge overruled the initial determinations and found that claimant was an independent contractor, not an employee of CFHI. The Unemployment Insurance Appeal Board disagreed and ruled, among other things, that an employment relationship existed between CFHI and claimant, and that CFHI was liable for unemployment insurance contributions on remuneration paid to her and others similarly situated. CFHI now appeals.

The existence of an employment relationship is a factual issue for the Board to resolve and its decision in this regard will be upheld if supported by substantial evidence (see Matter of Concourse Ophthalmology Assoc. [Roberts], 60 NY2d 734, 736 [1983]; Matter of Hunter [Gannett Co., Inc.—Commissioner of Labor], 125 AD3d 1166, 1167 [2015]). The pertinent inquiry is whether the purported employer exercised "control over the results produced or the means used to achieve those results . . . with the latter being more important" (Matter of Joyce [Coface N. Am. Ins. Co.—Commissioner of Labor], 116 AD3d 1132, 1134 [2014] [internal quotation marks and citation omitted]; see Matter of Armison [Gannett Co., Inc.—Commissioner of Labor], 122 AD3d 1101, 1102 [2014], lv dismissed 24 NY3d 1209 [2015]).

        Here, claimant responded to a newspaper advertisement
soliciting motor route carriers and was retained by CFHI after
meeting with its district manager.  Claimant signed an
independent contractor distributor agreement that (1) assigned
her specific routes, (2) required her to furnish her own vehicle
with proof of insurance, (3) set forth specific rates governing
her compensation, (4) required her to deliver newspapers in a dry
condition by specified times, (5) imposed a penalty upon her if
CFHI had to make a delivery due to a subscriber complaint, and
(6) provided for termination of the contract by CFHI in the event
that claimant received more than 10 subscriber complaints.
Although no formal training was provided by CFHI, its district
manager reviewed a checklist with claimant containing detailed
information that she needed to know to perform her duties.  In
addition, CFHI provided claimant with optional property damage
and personal injury insurance for purchase through an independent
carrier, made available supplies, such as rain bags and rubber
bands, for claimant to purchase, prohibited claimant from placing
any inserts or other materials in the newspapers to be delivered
and fielded customer complaints before referring them to
claimant.  As in many of the other newspaper delivery carrier
cases, the record as a whole contains substantial evidence to
support the conclusion that CFHI retained a sufficient indicia of
control over the performance of claimant's duties to establish
the existence of an employment relationship (see Matter of Hunter
[Gannett Co., Inc.—Commissioner of Labor], 125 AD3d at 1167-1168;
Matter of Isaccs [Speedy Media Assoc., LLC—Commissioner of
Labor], 125 AD3d 1077, 1078-1079 [2015]; Matter of Armison
[Gannett Co., Inc.—Commissioner of Labor], 122 AD3d at 1102-1103;
see also Matter of Gray [Glens Falls Newspapers—Roberts], 134
AD2d 791, 791-792 [1987]).  Furthermore, there is no indication
that the Board ignored the Department of Labor's guidelines in
reaching its decisions (see Matter of Travis [Gannett Satellite
Info. Network, Inc.—Commissioner of Labor], 127 AD3d 1349, 1345
[2015]; Matter of Armison [Gannett Co., Inc.—Commissioner of
Labor], 122 AD3d at 1103).  CFHI's remaining contentions were
raised for the first time in its reply brief and are therefore
not properly before us (see Schulz v Cuomo, 133 AD3d 945, 948
[2015], appeal dismissed ___ NY3d ___ [Feb. 23, 2016]).

Egan Jr., Rose, Devine and Clark, JJ., concur.


ORDERED that the decisions are affirmed, without costs.



ENTER:

Robert D. Mayberger
Clerk of the Court