*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  June 30, 2016                    521480
_____

In the Matter of the Claim of
    MIRELA ALEMIC,
                    Respondent.

HERALD PUBLISHING CO., Doing
    Business as THE                     MEMORANDUM AND ORDER
    POST-STANDARD,
                    Appellant.

COMMISSIONER OF LABOR,
                    Respondent.
_____

Calendar Date:  May 31, 2016

Before:  Lahtinen, J.P., Egan Jr., Lynch, Devine and Mulvey, JJ.

_____

        The Zinser Law Firm, PC, Nashville, Tennesee (Glenn E.
Plosa, admitted pro hac vice) and Sabin, Bermant & Gould LLP, New
York City (Peter Lerner of counsel), for appellant.

        Hiscock Legal Aid Society, Syracuse (Erin M. Tyreman of
counsel), for Mirela Alemic, respondent.

_____

Lynch, J.

        Appeals (1) from two decisions of the Unemployment
Insurance Appeal Board, filed October 7, 2014, which ruled, among
other things, that Herald Publishing Co. was liable for
unemployment insurance contributions on remuneration paid to
claimant and others similarly situated, and (2) from a decision
of said Board, filed October 7, 2014, which ruled that claimant
was entitled to receive unemployment insurance benefits.

Herald Publishing Co., engaged in the publication of a newspaper, entered into a contract with claimant to deliver the newspaper to home subscribers seven days a week. When claimant's schedule was reduced to three days a week, she resigned and applied for unemployment insurance benefits. Following a hearing, the Unemployment Insurance Appeal Board affirmed the decisions of the Administrative Law Judge ruling that an employer-employee relationship existed, assessing Herald Publishing for additional unemployment insurance contributions on remuneration paid to claimant and others similarly situated and finding that claimant was entitled to receive unemployment insurance benefits as she had good cause to leave her employment. These appeals by Harold Publishing ensued.

Initially, a review of the record establishes that the indicia of control that Harold Publishing retained through the contract with claimant, even if such control was not fully exercised, was sufficient to establish an employment relationship. Specifically, claimant was assigned a specific route, was required to provide proof of a driver's license and insurance, including for substitutes, and was directed to assemble and deliver papers by a specified time. The rate of pay was set forth in the contract and, within seven days of notice, claimant was required to provide written circulation reports with names and addresses of those to whom papers are being delivered. Contrary to Harold Publishing's contention, we find no errors of fact that undermine the Board's decisions. Furthermore, we are unpersuaded that the Department of Labor guidelines were not properly considered in rendering its determination or that the guidelines mandate a different result (see Matter of Travis [Gannett Satellite Info. Network, Inc.—Commissioner of Labor], 127 AD3d 1349, 1349 [2015]; Matter of Armison [Gannett Co., Inc.—Commissioner of Labor], 122 AD3d 1101, 1103 [2014], lv dismissed 24 NY3d 1209 [2015]). Although there is evidence to support a contrary conclusion, the record nevertheless contains substantial evidence to support the Board's factual finding that an employment relationship exists (see Matter of Rosenfelder [Community First Holdings, Inc.—Commissioner of Labor], 137 AD3d 1438, 1439-1440 [2016]).

Having found that claimant was an employee, we turn to the Board's decision finding that claimant was entitled to unemployment insurance benefits. We note that whether there was good cause to voluntarily leave employment is a factual issue for the Board to resolve (see Matter of Heller [Paragon Motors of Woodside, Inc.—Commissioner of Labor], 83 AD3d 1229, 1229 [2011]). Here, the Board credited claimant's testimony that she resigned shortly after Harold Publishing reduced the weekly delivery from seven to three days and modified her pay rate, making it no longer financially feasible to continue her employment. Although Harold Publishing notes other personal and noncompelling reasons for claimant's resignation, given the substantial change in the terms and conditions of claimant's employment, substantial evidence supports the Board's finding that claimant had good cause to leave her employment and the Board's decision that she is entitled to unemployment insurance benefits will not be disturbed (see e.g. id. at 1230; Matter of Lavecchia [Dana Funding—Commissioner of Labor], 265 AD2d 724, 724-725 [1999]; cf. Matter of Faison [Commissioner of Labor], 120 AD3d 1480, 1481 [2014]).

Lahtinen, J.P., Egan Jr., Devine and Mulvey, JJ., concur.


ORDERED that the decisions are affirmed, without costs.


ENTER:

Robert D. Mayberger
Clerk of the Court