Clark, J.
(concurring in part and dissenting in part). We agree with the majority that the July 15, 2014 determination of the Unemployment Insurance Appeal Board was not rendered moot by its July 30, 2014 determination; however, our positions diverge on the issue of whether substantial evidence supported the Board’s determination that claimant voluntarily left his employment with good cause. Whether a claimant has good cause to voluntarily leave his or her employment is a factual determination for the Board to resolve (see Matter of Alemic [Herald Publ. Co. — Commissioner of Labor], 140 AD3d 1565, 1566 [2016]), and the assessment of witness credibility and the evaluation of evidence and inferences to be drawn therefrom fall within the exclusive province of the Board (see Matter of Di Maria v Ross, 52 NY2d 771, 772 [1980]; Matter of Roberson [Commissioner of Labor], 142 AD3d 1259, 1261 [2016]; Matter of Malone [Commissioner of Labor], 117 AD3d 1306, 1306 [2014]). If substantial evidence supports the Board’s determination that a claimant had good cause to voluntarily separate from employment, we must uphold that determination (see Matter of Malone [Commissioner of Labor], 117 AD3d at 1306; Matter of Waheed [Commissioner of Labor], 110 AD3d 1428, 1429 [2013]).
*1202 Here, both the Administrative Law Judge and the Board squarely addressed the underlying factual issue and resolved it in claimant’s favor. Applying the appropriate legal standard, as above, we therefore should not disturb the Board’s determination. The Board specifically found that the total loss of claimant’s motor vehicle following an accident outside of work hours constituted good cause for his voluntary separation from his employment as a courier. The evidence credited by the Board established that claimant was not issued a citation following the accident and that no fault was attributed to him for the cause of that accident. In addition, the Board credited claimant’s testimony that he was unable to secure alternate means of transportation. In particular, claimant testified that the amount of damage to his vehicle was greater than the value of the vehicle and that, although he received some gap insurance coverage, he still owed $1,000 on his auto loan. Claimant further stated that he did not have the money for a down payment, that he was informed by a credit union that he could not obtain a new auto loan until the existing loan was paid in full and that he had determined after making several inquiries to rental car companies that using a rental car to perform his courier duties would be too costly. The Board also credited and found significant claimant’s testimony that, prior to separating from his employment, he applied for and was denied a delivery position using a company vehicle. While the Board recognized that claimant entered into an agreement in which he agreed to use his own personal vehicle in connection with his courier services, and did so for roughly a year and a half, the Board expressly found that claimant was no longer in a position to provide his own transportation due to circumstances that were beyond his control (compare Matter of Moore [New York Press & Graphics, Inc. — Commissioner of Labor], 32 AD3d 1088, 1088 [2006] [the claimant left employment “for personal and noncompelling reasons amounting essentially to his dissatisfaction with a term of his employment”]; Matter of Chevres [Commissioner of Labor], 286 AD2d 799, 799 [2001] [the claimant left employment for “personal and noncompelling reasons”]). In our view, substantial evidence supported the Board’s determination that claimant had good cause to voluntarily leave his employment and, as such, we would not disturb it. Accordingly, we would affirm.