Matter of Kurbatsky v International Conference of Funeral Serv. Examining Bds. (2018 NY Slip Op 04627)





Matter of Kurbatsky v International Conference of Funeral Serv. Examining Bds.


2018 NY Slip Op 04627


Decided on June 21, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: June 21, 2018

525816

[*1]In the Matter of ALEXANDER KURBATSKY, Appellant,
v
INTERNATIONAL CONFERENCE OF FUNERAL SERVICE EXAMINING BOARDS et al., Respondents, et al., Respondents.

Calendar Date: April 24, 2018

Before: Lynch, J.P., Devine, Mulvey, Aarons and Pritzker, JJ.


Sokoloff Stern LLP, Carle Place (Brian S. Sokoloff of counsel), for appellant.
Baker & McKenzie LLP, Washington, DC (Jennifer Anacona Semko, admitted pro hac vice) and Baker & McKenzie LLP, New York City (David Zaslowsky of counsel), for International Conference of Funeral Service Examining Boards and another, respondents.


Pritzker, J.

MEMORANDUM AND ORDER
Appeal from a judgment of the Supreme Court (Koweek, J.), entered January 31, 2017 in Columbia County, which, in a combined proceeding pursuant to CPLR article 78 and action for declaratory judgment, granted respondents' motions to dismiss the petition/complaint.
Respondent International Conference of Funeral Service Examining Boards (hereinafter the Conference) is an incorporated not-for-profit corporation that, among other things, develops and administers the National Board Exam (hereinafter NBE), a national licensing examination used by states, including New York, as one prerequisite for licensure in the funeral service profession. In 2013, the Conference sued the American Academy of McAllister Institute of Funeral Service, Inc. (hereinafter AAMI), a mortuary school, claiming that AAMI improperly obtained NBE test questions by inducing its students to share their recollections of the exam with the AAMI administration. As part of that litigation, the Conference was able to ascertain the identity of certain AAMI students who participated in the alleged scheme, including petitioner, [*2]who was already licensed and practicing by that time. The Conference invalidated those students' test scores and required that they retake the exam. The Conference also reserved the right to inform member boards and other relevant stakeholders of the exam invalidation and refused to process exam score transfer requests to other jurisdictions until a valid, defensible NBE score was achieved. Petitioner ultimately retook the exam, failed and subsequently received notice that it was possible that his license would be suspended.
In December 2015, petitioner commenced this combined CPLR article 78 proceeding and action for declaratory judgment alleging various federal and state claims. The Conference, among others, then moved, pre-answer, to dismiss the petition/complaint in its entirety, arguing, in relevant part, that petitioner had not demonstrated that the Conference was subject to CPLR article 78 review or that there had been any final determination affecting his license. Supreme Court granted the motions and petitioner now appeals. We affirm.
On appeal, petitioner contends that Supreme Court erred in dismissing the petition/complaint after determining that the Conference is not an entity susceptible to CPLR article 78 review. Even if we agreed with this contention, petitioner's failure to challenge the court's alternative ground for dismissal based upon lack of finality, an issue dispositive of his claim, is fatal.[FN1]
Lynch, J.P., Devine, Mulvey and Aarons, JJ., concur.
ORDERED that the judgment is affirmed, with costs.



Footnotes

Footnote 1:To the extent that petitioner addressed this issue in his reply brief, it is not properly before us (see Matter of Jay's Distribs., Inc. v Boone, 148 AD3d 1237, 1241 [2017], lv denied 29 NY3d 918 [2017]; Matter of Rosenfelder [Community First Holdings, Inc.-Commissioner of Labor], 137 AD3d 1438, 1440 [2016]).