Matter of Polimeni (Gannett Co., Inc.--Commissioner of Labor) (2019 NY Slip Op 01863)





Matter of Polimeni (Gannett Co., Inc.--Commissioner of Labor)


2019 NY Slip Op 01863


Decided on March 14, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 14, 2019

525835

[*1]In the Matter of the Claim of ROBERT POLIMENI, Respondent. GANNETT CO., INC., Doing Business as DEMOCRAT & CHRONICLE, Appellant. COMMISSIONER OF LABOR, Respondent.

Calendar Date: February 8, 2019

Before: Garry, P.J., Egan Jr., Lynch, Clark and Mulvey, JJ.


Bond, Schoeneck & King, PLLC, Syracuse (Daniel J. Pautz of counsel) and The Zinser Law Firm, PC, Nashville, Tennessee (L. Michael Zinser admitted pro hac vice), for appellant.
Salvatore C. Adamao, Albany, for Robert Polimeni, respondent.



MEMORANDUM AND ORDER
Appeals from two decisions of the Unemployment Insurance Appeal Board, filed October 11, 2017, which ruled that Gannett Co., Inc. was liable for unemployment insurance contributions on remuneration paid to claimant and others similarly situated.
Claimant contracted with Gannett Co., Inc. to provide residential delivery services for newspapers and other written publications. Following the termination of his contract, claimant applied for unemployment insurance benefits. The Department of Labor determined that claimant was an employee of Gannett Co. entitled to such benefits and that Gannett Co. was liable for additional contributions based upon remuneration paid to claimant and others similarly situated. Following a hearing, an Administrative Law Judge sustained the Department's determination, and the Unemployment Insurance Appeal Board affirmed. Gannett Co. appeals.
We affirm. Upon our review of the record, we find that the indicia of control retained by Gannett Co. in the contracts with claimant and others similarly situated are nearly identical to the relevant factors identified to establish an employment relationship in Matter of Armison (Gannett Co., Inc.-Commissioner of Labor) (122 AD3d 1101, 1102 [2014], lv dismissed 24 NY3d 1209 [2015]) and Matter of Hunter (Gannett Co., Inc.-Commissioner of Labor) (125 AD3d 1166, 1167 [2015]). As such, we find that substantial evidence supports the Board's decisions, and they will not be disturbed (see Matter of Nicholas [Commissioner of Labor], 167 AD3d 1180, 1180 [2018]; Matter of Smith [Gannett Satellite Info. Network, Inc.-Commissioner of Labor], 166 AD3d 1251, 1252 [2018]; Matter of Moravcik [Gannett Satellite Info. Network, [*2]Inc.-Commissioner of Labor], 132 AD3d 1044, 1045 [2015])[FN1]. We have reviewed the remaining contentions raised by Gannett Co. and find them to be unpersuasive.
Garry, P.J., Egan Jr., Lynch, Clark and Mulvey, JJ., concur.
ORDERED that the decisions are affirmed, without costs.



Footnotes

Footnote 1: As the Board noted, this claim preceded the enactment of Labor Law § 511 (23) (as added by L 2016, ch 503, § 1 [Nov. 28, 2016]) and, thus, this provision does not apply here.