Matter of Lucas (Community First Holdings, Inc.--Commissioner of Labor) (2019 NY Slip Op 02183)





Matter of Lucas (Community First Holdings, Inc.--Commissioner of Labor)


2019 NY Slip Op 02183


Decided on March 21, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 21, 2019

525776

[*1]ROBERT LUCAS, Respondent. COMMUNITY FIRST HOLDINGS, INC., Doing Business as NIAGARA-GAZETTE, Appellant. COMMISSIONER OF LABOR, Respondent.

Calendar Date: February 11, 2019

Before: Garry, P.J., Lynch, Clark, Devine and Pritzker, JJ.


Bond, Schoeneck & King, PLLC, Syracuse (Peter A. Jones of counsel) and The Zinser Law Firm, PC, Nashville, Tennessee (L. Michael Zinser admitted pro hac vice), for appellant.
Friedman, Hirschen & Miller, LLP, Albany (Carolyn B. George of counsel), for Robert Lucas, respondent.



MEMORANDUM AND ORDER
Garry, P.J.
Appeals from two decisions of the Unemployment Insurance Appeal Board, filed September 25, 2017, which ruled, among other things, that Community First Holdings, Inc. was liable for unemployment insurance contributions on remuneration paid to claimant and others similarly situated.
Claimant contracted with Community First Holdings, Inc. (hereinafter CFHI), a printing and publishing company, to deliver the Niagara-Gazette newspapers pursuant to written distribution agreements. Following claimant's application for unemployment insurance benefits, the Unemployment Insurance Appeal Board determined that claimant was an employee and that CFHI was liable for contributions based on remuneration paid to claimant and others similarly situated. CFHI appeals.
In Matter of Rosenfelder (Community First Holdings, Inc.-Commissioner of Labor) (137 AD3d 1438 [2016]), this Court recently affirmed a decision of the Board finding that an employment relationship existed between CFHI and certain newspaper delivery persons. We find that the indicators of control over the performance of claimant's duties relied on by the Board here are indistinguishable from those relevant factors previously identified to establish an employer-employee relationship. As the record as a whole contains substantial evidence to support the Board's conclusion of an employment relationship, its decision finding CFHI liable for unemployment insurance contributions on remuneration paid to claimant and those similarly situated will not be disturbed (see Matter of Alemic [Herald Publ. Co.-Commissioner of Labor], [*2]140 AD3d 1565, 1566 [2016]; Matter of Rosenfelder [Community First Holdings, Inc.-Commissioner of Labor], 137 AD3d at 1439-1440; Matter of Hunter [Gannett Co., Inc.-Commissioner of Labor], 125 AD3d 1166, 1167-1168 [2015]; Matter of Armison [Gannett Co., Inc.-Commissioner of Labor], 122 AD3d 1101, 1102-1103 [2014], lv dismissed 24 NY3d 1209 [2015])[FN1]. CFHI's remaining contentions, including that the Department of Labor guidelines were not properly considered and that the Board's decision infringes upon its First Amendment rights under the US and NY Constitutions to determine the content of the newspaper, have been reviewed and found to be unpersuasive.
Lynch, Clark, Devine and Pritzker, JJ., concur.
ORDERED that the decisions are affirmed, without costs.



Footnotes

Footnote 1: As the Board noted, this claim preceded the enactment of Labor Law § 511 (23) (as added by L 2016, ch 503, § 1) and, thus, the provision does not apply here.