Matter of Fecca (Herald Publ. Co.--Commissioner of Labor) (2019 NY Slip Op 03120)





Matter of Fecca (Herald Publ. Co.--Commissioner of Labor)


2019 NY Slip Op 03120


Decided on April 25, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: April 25, 2019

526987

[*1]In the Matter of the Claim of NICOLE FECCA, Respondent. HERALD PUBLISHING CO., Doing Business as THE POST-STANDARD, Appellant. COMMISSIONER OF LABOR, Respondent.

Calendar Date: March 18, 2019

Before: Egan Jr., J.P., Lynch, Clark, Devine and Pritzker, JJ.


Sabin, Bermant & Gould LLP, New York City (Peter Lerner of counsel) and The Zinser Law Firm, PC, Nashville, Tennessee (L. Michael Zinser admitted pro hac vice), for appellant.
John Ferrara, Monticello, for Nicole Fecca, respondent.



MEMORANDUM AND ORDER
Pritzker, J.
Appeals from two decisions of the Unemployment Insurance Appeal Board, filed October 31, 2017, which ruled, among other things, that Herald Publishing Company was liable for additional unemployment insurance contributions on remuneration paid to claimant and others similarly situated.
Herald Publishing Company, among other things, is engaged in the business of publishing a newspaper known as The Post-Standard. Beginning in September 2013, claimant executed three distribution agreements wherein she agreed to deliver newspapers to Herald Publishing's customers in specific geographic areas. In conjunction therewith, claimant also executed certain lease agreements, which permitted her to use space at one of Herald Publishing's satellite locations for the purpose of assembling and packaging the newspapers and related inserts for delivery. Following the termination of claimant's distribution agreements effective March 1, 2015, claimant applied for unemployment insurance benefits. The Department of Labor initially ruled that claimant was eligible for benefits and, ultimately, an Administrative Law Judge upheld that determination, finding sufficient indicia of control by Herald Publishing over claimant's activities to support the existence of an employment relationship. The Unemployment Insurance Appeal Board, among other things, affirmed that determination and ruled that Herald Publishing was liable for additional unemployment insurance contributions on remuneration paid to claimant and others similarly situated. These appeals by Herald Publishing ensued.
We affirm. "Whether an employment relationship exists within the meaning of the unemployment insurance law is a question of fact, no one factor is determinative and the [*2]determination of the appeal board, if supported by substantial evidence on the record as a whole, is beyond further judicial review even though there is evidence in the record that would have supported a contrary conclusion" (Matter of Mitchell [Nation Co. Ltd. Partners-Commissioner of Labor], 145 AD3d 1404, 1405 [2016] [internal quotation marks and citations omitted]; see Matter of Rosenfelder [Community First Holdings, Inc.-Commissioner of Labor], 137 AD3d 1438, 1439 [2016]; Matter of Hunter [Gannett Co., Inc.-Commissioner of Labor], 125 AD3d 1166, 1167 [2015]). In resolving that inquiry, "control over the results produced or the means used to achieve those results are pertinent considerations, with the latter being more important" (Matter of Hunter [Gannett Co., Inc.-Commissioner of Labor], 125 AD3d at 1167 [internal quotation marks and citations omitted]; see Matter of Isaacs [Speedy Media Assoc., LLC-Commissioner of Labor], 125 AD3d 1077, 1078 [2015]; Matter of Armison [Gannett Co., Inc.-Commissioner of Labor], 122 AD3d 1101, 1102 [2014], lv dismissed 24 NY3d 1209 [2015]).
Although Herald Publishing has painstakingly delineated the various factors that would support a finding that claimant was an independent contractor — including, among other things, the fact that she was free to deliver a competitor's products and that Herald Publishing neither withheld taxes, provided claimant with benefits nor required her to attend meetings — we nonetheless find, consistent with our holdings in similar matters (see e.g. Matter of Alemic [Herald Publ. Co.-Commissioner of Labor], 140 AD3d 1565, 1566 [2016]; Matter of Rosenfelder [Community First Holdings, Inc.-Commissioner of Labor], 137 AD3d at 1440; Matter of Armison [Gannett Co., Inc.-Commissioner of Labor], 122 AD3d at 1102-1103), that there is substantial evidence to support the Board's finding of an employment relationship. In this regard, the record reflects that claimant was assigned specific routes within defined delivery areas (see Matter of Alemic [Herald Publ. Co.-Commissioner of Labor], 140 AD3d at 1566; Matter of Rosenfelder [Community First Holdings, Inc.-Commissioner of Labor], 137 AD3d at 1440; Matter of Armison [Gannett Co., Inc.-Commissioner of Labor], 122 AD3d at 1102), assembled and bagged her papers at the leased premises utilizing plastic bags and rubber bands purchased from Herald Publishing (see Matter of Rosenfelder [Community First Holdings, Inc.-Commissioner of Labor], 137 AD3d at 1440) and was required to provide Herald Publishing with proof of a driver's license and automobile liability insurance (see Matter of Hunter [Gannett Co., Inc.-Commissioner of Labor], 125 AD3d at 1167; Matter of Armison [Gannett Co., Inc.-Commissioner of Labor], 122 AD3d at 1102). The record further reveals that claimant elected to purchase accident liability insurance from a carrier referenced in the distribution agreements entered into between claimant and Herald Publishing and that the corresponding premiums for such coverage were deducted from the invoices generated in connection with her delivery services (see Matter of Isaacs [Speedy Media Assoc., LLC-Commissioner of Labor], 125 AD3d at 1078-1079). Finally, consistent with the terms of the distributor agreements signed by claimant, she was required to "pick up all newspapers at the agreed pick-up point," i.e., the leased premises, deliver the newspapers to subscribers "at or before the target delivery time[s]" — for which she would be paid on a weekly basis at a specified per-paper rate (see Matter of Alemic [Herald Publ. Co.-Commissioner of Labor], 140 AD3d at 1566) — and was precluded from placing any inserts or additional materials in the newspapers that she was delivering (see Matter of Rosenfelder [Community First Holdings, Inc.-Commissioner of Labor], 137 AD3d at 1440; Matter of Isaacs [Speedy Media Assoc., LLC-Commissioner of Labor], 125 AD3d at 1079; Matter of Armison [Gannett Co., Inc.-Commissioner of Labor], 122 AD3d at 1102). Accordingly, notwithstanding other evidence in the record, including the fact that the distributor agreements denominated claimant as an independent contractor, we find that the Board's decision is supported by substantial evidence.
In reaching this result, we reject Herald Publishing's assertion that the Board either ignored or misapplied certain Department of Labor guidelines in rendering its determination "or that the guidelines mandate a different result" (Matter of Alemic [Herald Publ. Co.-Commissioner of Labor], 140 AD3d at 1566). Additionally, we note that the November 2016 amendment to Labor Law § 511 (23), which expressly excludes "the delivering or distribution of newspapers or shopping news" from the term "employment" (Labor Law § 511 [23] [a]), is of no aid to Herald Publishing, as the amendment did not take effect until well after the time periods in [*3]issue. Finally, we fail to discern how the Board's finding of an employment relationship here impedes or otherwise infringes upon Herald Publishing's First Amendment rights. Herald Publishing's remaining arguments, to the extent not specifically addressed, have been examined and found to be lacking in merit.
Egan Jr., J.P., Lynch, Clark and Devine, JJ., concur.
ORDERED that the decisions are affirmed, without costs.