Matter of Sebring (Community First Holdings, Inc.--Commissioner of Labor) (2019 NY Slip Op 04238)





Matter of Sebring (Community First Holdings, Inc.--Commissioner of Labor)


2019 NY Slip Op 04238


Decided on May 30, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: May 30, 2019

525831

[*1]In the Matter of the Claim of MARY SEBRING, Respondent. COMMUNITY FIRST HOLDINGS, INC., Doing Business as NIAGARA- GAZETTE, Appellant. COMMISSIONER OF LABOR, Respondent.

Calendar Date: April 24, 2019

Before: Lynch, J.P., Mulvey, Devine, Aarons and Rumsey, JJ.


Bond, Schoeneck & King, PLLC, Syracuse (L. Michael Zinser of The Zinser Law Firm, PC, Nashville, Tennessee, admitted pro hac vice), for appellant.
Bruce Evans Knoll, Albany, for Mary Sebring, respondent.



MEMORANDUM AND ORDER
Devine, J.
Appeals from two decisions of the Unemployment Insurance Appeal Board, filed October 2, 2017, which ruled, among other things, that Community First Holdings, Inc. was liable for unemployment insurance contributions on remuneration paid to claimant and others similarly situated.
Claimant entered into several contracts with Community First Holdings, Inc. (hereinafter CFHI) to provide delivery services for its newspapers within certain geographic areas. After CFHI terminated the contracts, claimant applied for unemployment insurance benefits. The Department of Labor determined that claimant was an employee of CFHI and that CFHI was liable for additional contributions based upon remuneration paid to claimant and others similarly situated. This determination was sustained by an Administrative Law Judge following a hearing, and the Unemployment Insurance Appeal Board affirmed. CFHI appeals.
We affirm. The record reflects that the indicia of control retained by CFHI in its contracts with claimant and others similarly situated are nearly identical to the relevant factors identified to establish an employment relationship in Matter of Rosenfelder (Community First Holdings, Inc.-Commissioner of Labor) (137 AD3d 1438, 1439-1440 [2016]). Accordingly, we find that substantial evidence supports the Board's decisions, and they will not be disturbed (see Matter of Nicholas [Gannett Satellite Info. Network, Inc.-Commissioner of Labor], 167 AD3d 1180, 1181 [2018]; Matter of Smith [Gannett Satellite Info. Network, Inc.-Commissioner of Labor], 166 AD3d 1251, 1252 [2018]; Matter of Rosenfelder [Community First Holdings, Inc.-[*2]Commissioner of Labor], 137 AD3d at 1439-1440)[FN1]. CFHI's remaining claims have been considered and found to be unpersuasive.
Lynch, J.P., Mulvey, Aarons and Rumsey, JJ., concur.
ORDERED that the decisions are affirmed, without costs.



Footnotes

Footnote 1: As this claim preceded the enactment of Labor Law § 511 (23), which was added by the Legislature in 2016 (L 2016, ch 503, § 1 [Nov. 28, 2016]), that statute does not apply here.