Matter of Hennessy (Hearst Corp.--Commissioner of Labor) (2019 NY Slip Op 04245)





Matter of Hennessy (Hearst Corp.--Commissioner of Labor)


2019 NY Slip Op 04245


Decided on May 30, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: May 30, 2019

526903

[*1]In the Matter of the Claim of KIMBERLY S. HENNESSY, Respondent. THE HEARST CORPORATION, Doing Business as TIMES UNION, Appellant. COMMMISSIONER OF LABOR, Respondent.

Calendar Date: April 25, 2019

Before: Lynch, J.P., Clark, Devine, Aarons and Pritzker, JJ.


Jonathan R. Donnellan, The Hearst Corporation, New York City, for appellant.
David E. Woodin, Catskill, for Kimberly S. Hennessy, respondent.



MEMORANDUM AND ORDER
Aarons, J.
Appeal from a decision of the Unemployment Insurance Appeal Board, filed September 7, 2017, which ruled, among other things, that The Hearst Corporation was liable for additional unemployment insurance contributions on remuneration paid to claimant and others similarly situated.
Claimant worked as a newspaper delivery carrier for The Hearst Corporation during various periods of time between 2012 and 2014. After she stopped delivering newspapers for Hearst, she applied for unemployment insurance benefits. The Department of Labor undertook an inquiry into claimant's employment status and determined that an employment relationship existed between her and Hearst. Consequently, it issued initial determinations finding that she was entitled to credit for remuneration paid to her by Hearst in connection with her claim and that Hearst was liable for additional unemployment insurance contributions on remuneration paid to claimant and others similarly situated. Following a hearing, these determinations were upheld by an Administrative Law Judge and later by the Unemployment Insurance Appeal Board. Hearst appeals.
It is well settled that the existence of an employment relationship is a factual issue for the Board, and its determination will be upheld if supported by substantial evidence (see Matter of Concourse Ophthalmology Assoc. [Roberts], 60 NY2d 734, 736 [2015]; Matter of Hunter [Gannett Co., Inc.-Commissioner of Labor], 125 AD3d 1166, 1167 [2015]). "The pertinent inquiry is whether the purported employer exercised 'control over the results produced or the means used to achieve those results . . . with the latter being more important'" (Matter of Rosenfelder [Community First Holdings, Inc.-Commissioner of Labor], 137 AD3d 1438, 1439 [2016], quoting Matter of Joyce [Coface N. Am. Ins. Co.-Commissioner of Labor], 116 AD3d [*2]1132, 1134 [2014]; see Matter of Hunter [Gannett Co., Inc.-Commissioner of Labor], 125 AD3d at 1439).
Here, the record demonstrates that Hearst established the delivery routes, determined the rate of pay for each route, provided carriers with customer lists containing the suggested order of delivery, handled customer complaints, imposed monetary penalties for unsatisfactory deliveries, prohibited carriers from inserting their own flyers into the newspapers without prior approval and required carriers to maintain a valid driver's license and their own liability insurance. Notably, when new carriers were retained, Hearst arranged to have someone accompany them to show them their routes. In addition, Hearst imposed performance guidelines, set forth in written contracts like the ones it entered into with claimant, requiring carriers not to miss more than two deliveries per thousand. It also provided carriers, including claimant, with an orientation checklist setting forth additional information, such as delivery time deadlines, as well as the requirement that they provide a trained substitute if unable to cover a shift.
In view of the foregoing, the Board's finding that Hearst exercised sufficient direction and control over claimant and similarly situated carriers so as to establish the existence of an employment relationship is supported by substantial evidence and is consistent with other newspaper delivery cases involving analogous facts (see Matter of Rosenfelder [Community First Holdings, Inc.-Commissioner of Labor], 137 AD3d at 1440; Matter of Hunter [Gannett Co., Inc.-Commissioner of Labor], 125 AD3d at 1168-1169; Matter of Issacs [Speedy Media Assoc., LLC-Commissioner of Labor], 125 AD3d 1077, 1078-1079 [2015]; Matter of Armison [Gannett Co., Inc.-Commissioner of Labor], 122 AD3d 1101, 1102-1103 [2014], lv dismissed 24 NY3d 1209 [2015]). Contrary to Hearst's claim, there is no indication that the Board ignored the Department of Labor's guidelines in making its decision (see Matter of Rosenfelder [Community First Holdings, Inc.-Commissioner of Labor], 137 AD3d at 1440). Furthermore, although the Board acknowledged the recent amendment to Labor Law § 511 (23) excluding newspaper delivery carriers from unemployment insurance coverage, the claim at issue preceded this amendment and it is, therefore, not applicable (see Matter of Polimeni [Gannett Co., Inc.-Commissioner of Labor], 170 AD3d 1346, 1347 n [2019]). We have considered Hearst's remaining arguments and find them to be unavailing.
Lynch, J.P., Clark, Devine and Pritzker, JJ., concur.
ORDERED that the decision is affirmed, without costs.