Matter of Kriplin (Community Newspaper Group LLC--Commissioner of Labor) (2019 NY Slip Op 05238)





Matter of Kriplin (Community Newspaper Group LLC--Commissioner of Labor)


2019 NY Slip Op 05238


Decided on June 27, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: June 27, 2019

525920

[*1]In the Matter of the Claim of JONATHAN KRIPLIN, Respondent. COMMUNITY NEWSPAPER GROUP LLC, Now Known as COMMUNITY FIRST HOLDINGS, INC., Doing Business as PRESS- REPUBLICAN, Appellant. COMMISSIONER OF LABOR, Respondent.

Calendar Date: June 3, 2019

Before: Garry, P.J., Lynch, Clark, Devine and Aarons, JJ.


Bond, Schoeneck & King, PLLC, Syracuse (L. Michael Zinser of The Zinser Law Firm, PC, Nashville, Tennessee, admitted pro hac vice), for appellant.
Amanda FiggsGanter, Albany, for Jonathan Kriplin, respondent.



MEMORANDUM AND ORDER
Aarons, J.
Appeals from two decisions of the Unemployment Insurance Appeal Board, filed October 30, 2017, which ruled, among other things, that Community First Holdings, Inc. was liable for unemployment insurance contributions on remuneration paid to claimant and others similarly situated.
Community Newspaper Group LLC, now known as Community First Holdings, Inc. (hereinafter CFHI), is in the business of publishing a daily newspaper known as the Press-Republican. After a screening interview in 2013 with CFHI's manager, claimant signed distribution agreements wherein he agreed to deliver newspapers to CFHI's customers in two specified geographic areas for a set price, subject to certain conditions and requirements, including established delivery deadlines. After claimant stopped making deliveries, he applied for unemployment insurance benefits. The Department of Labor issued initial determinations finding that claimant was an employee of CFHI and that CFHI was liable for additional unemployment insurance contributions based upon remuneration paid to him and other similarly situated newspaper carriers. CFHI objected and, following hearings, an Administrative Law Judge upheld the initial determinations in two combined decisions. The Unemployment Insurance Appeal Board agreed. These appeals by CFHI ensued.
We affirm. "Whether an employment relationship exists within the meaning of the unemployment insurance law is a question of fact, no one factor is determinative and the [*2]determination of the appeal board, if supported by substantial evidence on the record as a whole, is beyond further judicial review even though there is evidence in the record that would have supported a contrary conclusion" (Matter of Fecca [Herald Publ. Co.-Commissioner of Labor], 171 AD3d 1423, 1424 [2019] [internal quotation marks and citations omitted]; see Matter of Alemic [Herald Publ. Co.-Commissioner of Labor], 140 AD3d 1565, 1566 [2016]). "The pertinent inquiry is whether the purported employer exercised control over the results produced or the means used to achieve those results . . . with the latter being more important" (Matter of Rosenfelder [Community First Holdings, Inc.-Commissioner of Labor], 137 AD3d 1438, 1439 [2016] [internal quotation marks and citations omitted]).
This Court has recently affirmed decisions of the Board finding that an employment relationship existed between newspaper publishers, including CFHI, and comparable newspaper delivery workers (see Matter of Lucas [Community First Holdings, Inc.-Commissioner of Labor], 170 AD3d 1384, 1385 [2019]; Matter of Rosenfelder [Community First Holdings, Inc.-Commissioner of Labor], 137 AD3d at 1439-1440). The provisions of the distribution contracts governing claimant and other newspaper carriers retained by CFHI are substantively equivalent, and the indicators of control relied upon by the Board with regard to claimant are essentially indistinguishable from the relevant factors identified and relied upon in the prior cases to find an employment relationship (see id.). Contrary to CFHI's arguments, we find no errors of fact or law that undermine the Board's decisions and are unpersuaded that the Department of Labor guidelines were not properly considered or "mandate a different result" (Matter of Alemic [Herald Publ. Co.-Commissioner of Labor], 140 AD3d at 1566; see Matter of Fecca [Herald Publ. Co.-Commissioner of Labor], 171 AD3d at 1426; Matter of Lucas [Community First Holdings, Inc.-Commissioner of Labor], 170 AD3d at 1385; Matter of Rosenfelder [Community First Holdings, Inc.-Commissioner of Labor], 137 AD3d at 1440). Although CFHI points out numerous factors that would support a finding that claimant was an independent contractor, we find, consistent with our holdings in similar appeals, that the record contains substantial evidence to support the Board's finding of an employment relationship, precluding further judicial review (see Matter of Fecca [Herald Publ. Co.-Commissioner of Labor], 171 AD3d at 1426). Moreover, "we fail to discern how the Board's finding of an employment relationship here impedes or otherwise infringes upon [CFHI's] First Amendment rights" (id.). CFHI's remaining contentions have been reviewed and found to lack merit.[FN1]
Garry, P.J., Lynch, Clark and Devine, JJ., concur.
ORDERED that the decisions are affirmed, without costs.



Footnotes

Footnote 1: As the Board noted, the amendment to Labor Law § 511 (23) (as added by L 2016, ch 503, § 1 [Nov. 28, 2016]) is not applicable to this claim, which preceded that legislative change.