Matter of DiFalco (Gannett Satellite Info. Network, Inc.--Commissioner of Labor) (2019 NY Slip Op 07965)





Matter of DiFalco (Gannett Satellite Info. Network, Inc.--Commissioner of Labor)


2019 NY Slip Op 07965


Decided on November 07, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: November 07, 2019

525834

[*1]In the Matter of the Claim of Kristin DiFalco, Respondent. Gannett Satellite Information Network, Inc., Doing Business as Poughkeepsie Journal, Appellant. Commissioner of Labor, Respondent.

Calendar Date: October 10, 2019

Before: Egan Jr., J.P., Clark, Mulvey and Devine, JJ.


Bond, Schoeneck & King, PLLC, Syracuse (L. Michael Zinser of The Zinser Law Firm, PC, Nashville, Tennessee, admitted pro hac vice), for appellant.
Carolyn B. George, Albany, for Kristin DiFalco, respondent.



Devine, J.
Appeals from two decisions of the Unemployment Insurance Appeal Board, filed October 10, 2017, which ruled that Gannett Satellite Information Network, Inc. was liable for additional unemployment insurance contributions on remuneration paid to claimant and others similarly situated.
Claimant contracted to provide residential newspaper delivery services during various periods between 2013 and 2015 for Gannett Satellite Information Network, Inc. (hereinafter Gannett), which prints and publishes the Poughkeepsie Journal, a daily newspaper. After claimant stopped delivering newspapers, she applied for unemployment insurance benefits. The Department of Labor determined that an employment relationship existed between claimant and Gannett, that claimant was entitled to credit for remuneration paid to her and that Gannett was liable for additional unemployment insurance contributions for remuneration paid to claimant and other similarly situated newspaper carriers. Gannett objected and, following a hearing, an Administrative Law Judge sustained the Department's determinations. Upon Gannett's appeal, the Unemployment Insurance Appeal Board affirmed. Gannett appeals.
We affirm. "Whether an employment relationship exists within the meaning of the unemployment insurance law is a question of fact, no one factor is determinative and the determination of the appeal board, if supported by substantial evidence on the record as a whole, is beyond further judicial review even though there is evidence in the record that would have supported a contrary conclusion" (Matter of Fecca [Herald Publ. Co.-Commissioner of Labor], 171 AD3d 1423, 1424 [2019] [internal quotation marks and citation omitted]). Upon review of the record and hearing testimony, we find that the indicators of control retained and exercised by Gannett in its contract and dealings with claimant are not materially distinguishable from those previously found to have established an employer-employee relationship between newspaper publishers and delivery workers (see Matter of Polimeni [Gannett Co., Inc.-Commissioner of Labor], 170 AD3d 1346, 1346-1347 [2019]; Matter of Nicholas [Gannett Satellite Info. Network, Inc.-Commissioner of Labor], 167 AD3d 1180, 1181 [2018]; see also Matter of Kriplin [Community Newspaper Group LLC-Commissioner of Labor], 173 AD3d 1571, 1572 [2019]; Matter of Fecca [Herald Publ. Co.-Commissioner of Labor], 171 AD3d at 1425-1426; Matter of Lucas [Community First Holdings, Inc.-Commissioner of Labor], 170 AD3d 1384, 1385 [2019]; Matter of Armison [Gannett Co., Inc.-Commissioner of Labor], 122 AD3d 1101, 1102-1103 [2014], lv dismissed 24 NY3d 1209 [2015]).[FN1] Although Gannett "points out numerous factors that would support a finding that claimant was an independent contractor, we find, consistent with our holdings in similar appeals, that the record contains substantial evidence to support the Board's finding of an employment relationship, precluding further judicial review" (Matter of Kriplin [Community Newspaper Group LLC-Commissioner of Labor], 173 AD3d at 1573; see Matter of Hennessy [Hearst Corp.-Commissioner of Labor], 172 AD3d 1842, 1843-1844 [2019], appeal dismissed ___ NY3d ___ [Oct. 17, 2019]; Matter of Fecca [Herald Publ. Co.-Commissioner of Labor], 171 AD3d at 1425-1426; Matter of Rosenfelder [Community First Holdings, Inc.-Commissioner of Labor], 137 AD3d 1438, 1440 [2016]; cf. Matter of Yoga Vida NYC, Inc. [Commissioner of Labor], 28 NY3d 1013, 1015-1016 [2016]; Bynog v Cipriani Group, 1 NY3d 193, 198-200 [2003]). Contrary to its detailed claims, Gannett has not demonstrated that the Board ignored or misapplied the Department's guidelines in rendering its determination (see Matter of Fecca [Herald Publ. Co.-Commissioner of Labor], 171 AD3d at 1426). Gannett's remaining claims have been reviewed and found to lack merit.
Egan Jr., J.P., Clark and Mulvey, JJ., concur.
ORDERED that the decisions are affirmed, without costs.



Footnotes

Footnote 1: The amendment to Labor Law § 511 (23) (a) (L 2016, ch 503, § 1), which excludes "the delivering or distribution of newspapers or shopping news" from the definition of "employment" is inapplicable as it was not effective until November 28, 2016, long after the relevant periods (see Matter of Fecca [Herald Publ. Co.-Commissioner of Labor], 171 AD3d at 1426).