Matter of Clifford (Gannett Satellite Info. Network, Inc.--Commissioner of Labor) (2019 NY Slip Op 08898)





Matter of Clifford (Gannett Satellite Info. Network, Inc.--Commissioner of Labor)


2019 NY Slip Op 08898


Decided on December 12, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: December 12, 2019

526990

[*1]In the Matter of the Claim of David Clifford, Respondent. Gannett Satellite Information Network, Inc., Doing Business as Press & Sun-Bulletin, Appellant. Commissioner of Labor, Respondent.

Calendar Date: November 20, 2019

Before: Clark, J.P., Mulvey, Devine and Pritzker, JJ.



Bond, Schoeneck & King, PLLC, Syracuse (L. Michael Zinser of The Zinser Law 
Firm, PC, Nashville, Tennessee, admitted pro hac vice), for appellant.

Teresa C. Mulliken, Harpersfield, for David Clifford, respondent.
Devine, J.
Appeals from two decisions of the Unemployment Insurance Appeal Board, filed January 17, 2018, which ruled, among other things, that Gannett Satellite Information Network, Inc. was liable for additional unemployment insurance contributions on remuneration paid to claimant and others similarly situated.
Claimant entered into two written agreements with Gannett Satellite Information Network, Inc. to distribute a particular newspaper and other publications within certain geographic areas. After claimant's services were terminated due to customer complaints, claimant applied for unemployment insurance benefits. The Department of Labor concluded that claimant was an employee of Gannett and, hence, was eligible to receive such benefits and further found that Gannett was liable for additional contributions based upon remuneration paid to claimant and others similarly situated. Following a hearing, an Administrative Law Judge upheld the initial determinations, and the Unemployment Insurance Appeal Board affirmed. These appeals by Gannett ensued.
We affirm. "Whether an employment relationship exists within the meaning of the unemployment insurance law is a question of fact, no one factor is determinative and the determination of the . . . [B]oard, if supported by substantial evidence on the record as a whole, is beyond further judicial review even though there is evidence in the record that would have supported a contrary conclusion" (Matter of Fecca [Herald Publ. Co.-Commissioner of Labor], 171 AD3d 1423, 1424 [2019] [internal quotation marks and citations omitted]; accord Matter of Isaacs [Speedy Media Assoc., LLC-Commissioner of Labor], 125 AD3d 1077, 1078 [2015]). Although Gannett details the various factors that would support a finding that claimant was an independent contractor, our review of the agreements executed by claimant, which are virtually identical to the contract at issue in Matter of Smith (Gannett Satellite Info. Network, Inc.-Commissioner of Labor) (166 AD3d 1251 [2018]), reveals that the indicia of control retained by Gannett supports the Board's finding of an employment relationship.
Claimant was assigned delivery routes within a defined area, was required to deliver the newspapers by a certain time and was paid at a specified per-paper rate (see Matter of Fecca [Herald Publ. Co.-Commissioner of Labor], 171 AD3d at 1425-1426; Matter of Alemic [Herald Publ. Co.-Commissioner of Labor], 140 AD3d 1565, 1566 [2016]). Additionally, claimant was required to provide proof of a valid driver's license and insurance, was offered (and declined) additional accident coverage provided by a carrier utilized by Gannett and was precluded from placing any inserts or additional materials in the newspapers that he was delivering (see Matter of Hennessy [Hearst Corp.-Commissioner of Labor], 172 AD3d 1842, 1843 [2019], appeal dismissed 34 NY3d 943 [2019]; Matter of Rosenfelder [Community First Holdings, Inc.-Commissioner of Labor], 137 AD3d 1438, 1440 [2016]). Finally, one of the two agreements signed by claimant reflects that he elected to purchase a tablet from Gannett — with the purchase price paid via weekly deductions from the moneys owed to claimant for his delivery services. Under these circumstances, and consistent with our holdings in similar matters, we find that the Board's decision is supported by substantial evidence (see Matter of Polimeni [Gannett Co., Inc.-Commissioner of Labor], 170 AD3d 1346, 1346-1347 [2019]; Matter of Smith [Gannett Satellite Info. Network, Inc.-Commissioner of Labor], 166 AD3d at 1252; Matter of Moravcik [Gannett Satellite Info. Network, Inc.-Commissioner of Labor], 132 AD3d 1044, 1045 [2015]; Matter of Hunter [Gannett Co., Inc.-Commissioner of Labor], 125 AD3d 1166, 1167 [2015]; Matter of Armison [Gannett Co., Inc.-Commissioner of Labor], 122 AD3d 1101, 1102-1103 [2014], lv dismissed 24 NY3d 1209 [2015]). Claimant's remaining arguments, including his assertion that the Board either ignored or misapplied certain Department of Labor guidelines in rendering its determination, have been examined and found to be lacking in merit.[FN1]
Clark, J.P., Mulvey and Pritzker, JJ., concur.
ORDERED that the decisions are affirmed, without costs.



Footnotes

Footnote 1: As the underlying claim preceded the enactment of Labor Law § 511 (23) (as added by L 2016, ch 503, § 1 [Nov. 26, 2016]), that provision does not apply here.